Nash, J.
 

 The defendant is indicted for malicious mischief, in burning a couple of ploughs and gears belonging to the prosecutor. The crime consists in the wilful destruction of personal property, from actual ill-will or resentment towards its owner or possessor.
 
 State
 
 v Robinson, 3 Dev. & Bat. 130—4 Bl. Com. 254. The charge of his Honor was, in every respect, correct. There cannot be a doubt, that the acts charged upon the defendant, if true, amounted to malicious mischief, nor did it make any difference where the articles destroyed were found by him, or where burnt; the crime was complete. The judgment, therefore, would be confirmed, but for a fatal defect in the indictment itself. There was no motion below to arrest the judgment, and, of course, the indictment was not particularly brought to the notice of the Judge. An indictment is a compound of law and fact, and must so set out the offence, that the Court may be able, without resorting to any evidence dehors, to perceive the alleged crime. It must be certain to every in
 
 *331
 
 tent. It is of the essence of the crime charged against the defendant, that it was perpetrated from ill-will against the
 
 oioner of the property destroyed.
 
 It is necessary, therefore, that the indictment should either directly charge this malice towards the owner, ox so describe the offence, that the Court may see that the charge is sufficiently explicit to support itself. 1 Ch. Cr. L.
 
 172
 
 —State v
 
 Cockman,
 
 1 Ind. 381. The indictment in this case does not charge the crime to have been perpetrated from malice against the owner. And in the cases of the
 
 State
 
 v
 
 Simpson,
 
 2 Hawk. 460, and
 
 State
 
 v
 
 Scott,
 
 2 Dev. & Bat. 35, the Court decide, that it was not necessaiy so to lay the offence, because the indictment was according to the precedents. But in both those cases, the crime was sufficiently charged without those words. The charge in
 
 Scott’s
 
 case was, “unlawfully, wickedly, maliciously and
 
 mischievously,”
 
 &c.; in
 
 Simpson’s,
 
 “unlawfully, wickedly, maliciously and
 
 mischiev-ovsly,”
 
 &c. In each of those cases the generic term, designating the crime, is used; and, therefore, we presume that the precedents did not call for the express charge of malice against the owner, because the description contained in the indictment necessarily embraced it. In the case before us, the word “
 
 mischievously”
 
 is omitted, and the description is legally incomplete. If the indictment had gone on and charged malice against the owner, the charge would have been sufficiently explicit to support itself. An indictment for malicious mischief must either expressly charge malice against the owner, or fully, otherwise, describe the offence.
 

 For this defect in the indictment, the judgment should be arrested: which will be certified to the Superior Court of Surry county.
 

 Pse Cukiam. Ordered accordingly.