### STATE v. W. T. MASSEY.

*Indictment—Statute—Repealing Act.*

1. If a statute creating an offence is amended in any important particular, a bill of indictment for an offence committed before the act was amended, but which was found after the passage of the amending act, should charge the offence under the old act, and continue an averment that the offence was committed before the amendment was passed.

2. Where a statute makes an act a crime if done "wantonly and wilfully," these words are not sufficiently supplied by an averment in an indictment drawn under the statute, that the act was done "unlawfully and maliciously."

3. The term "unlawfully" implies that an act is done in a manner not allowed by the law; the term "wantonly" denotes turpitude, and that the act done is done of wicked purpose; the term "wilfully" denotes that the act is done knowingly, and on purpose, but not of malice.

30*

4. Where a statute only undertakes to amend one already on the statute books, it will be presumed that it did not intend to repeal it, unless there is an express repealing clause.

INDICTMENT, heard before *Montgomery, Judge*, at Spring Term, 1887, of LINCOLN Superior Court.

The indictment charges in several counts, that the defendant, *on the first day of April*, 1885, "unlawfully and maliciously and feloniously did set fire to" a certain mill, "with intent thereby to injure and defraud" certain corporations named in the various counts, "contrary to the form of the statute," &c. It is founded either upon the statute (*The Code*, §985,) or upon it as amended by a subsequent act, (Laws of 1885, ch. 66). The defendant contends that this amendment repealed the material parts of the statute of which it is amendatory, and that the statute as amended took and had effect on the 16th day of February, 1885, the day of its ratification, which it is conceded was *after* the time of the commission of the offence charged, if indeed it was committed at all, and he moved to quash the indictment, upon the ground that no offence under the amended statute is charged therein. The Court allowed this motion, and gave judgment in favor of the defendant, from which the State appealed to this Court.

*The Attorney-General* and *Mr. E. C. Smith*, for the State.

*Messrs. W. P. Bynum, John F. Hoke, Charles Price*, and *John Devereux, Jr.*, (*Messrs. D. Schenck, Alexander Hoke* and *Joseph B. Batchelor*, were with them on the brief), for the defendant.

MERRIMON, J., (after stating the facts). For the reasons we now proceed to state, we are of opinion that the indictment was properly quashed.

The statute (*The Code*, §985, par. 6) provides, that "who ever shall *unlawfully and maliciously* set fire to any church,

chapel, or meeting-house, or shall *unlawfully or maliciously* set fire to any stable, coach-house, outhouse, warehouse, office, shop, *mill,* barn or granary, or to any building or erection used in carrying on any trade or manufacture, or any branch thereof, whether the same, or any of them respectively shall then be in the possession of the offender, or in the possession of any other person, *with intent thereby to injure or defraud any person or persons, body politic or corporation,* shall be guilty of felony, and imprisoned in the penitentiary for not less than five, nor more than forty years."

It seems that the intention of the pleader was to found the indictment upon this statute. If so, it cannot be sustained, because *after* the time the offence charged was committed, if at all, and before the indictment was found, the statute had been amended by a subsequent one, (Acts 1885, ch. 66,) which struck out of it the words, "unlawfully and maliciously," wherever they occurred, and substituted in their stead the words, "wantonly and wilfully," and likewise struck out the other words, "with intent thereby to injure or defraud any person or persons, body politic or corporation," thus prescribing a new and different offence in material respects, and there is no averment in the indictment from which the Court can see that the offence charged was committed before the amendment.

If it was so committed, the indictment ought to have charged that "before the 16th day of February, A. D. 1885, (the day the amendment was ratified) to-wit: on the first day of April, A. D. 1884, "the defendant did," &c., &c., so that it would appear that an offence was charged to have been committed while the statute upon which it was founded was in all respects operative. This was essential, because it must appear upon the face of the indictment that an offence is charged. No offence is charged under the statute before it was amended, because the indictment charges the offence to have been committed subsequent to that time. None is

sufficiently charged under the statute as amended, because the offence is not charged to have been done "wantonly and wilfully," and these words are not supplied in substance by the words, "unlawfully and maliciously," which are employed in the indictment. The term "unlawfully" implies that an act is done or not done, as the law allows or requires, but the term "wantonly" implies turpitude—that the act done is of wilful, wicked purpose. The term "wilfully" implies that the act is done knowingly and of stubborn purpose, but not of malice.

The counsel for the appellee contended on the argument, that the statute first above mentioned was repealed by the amendatory statute cited, and therefore the appellee could not be indicted for the offence imperfectly charged against him. It is not necessary that we shall decide definitely any question in this respect now, but we deem it not improper to say, that the amendatory statute does not purport to repeal the statute it amends—it contains no repealing clause, and it seems to operate only *prospectively* from the date of its ratification, leaving the statute still operative as to offences theretofore committed. It can scarcely be supposed that the Legislature intended to allow persons who had violated the statute before the amendment of it to go unpunished; if it had so intended, it would most likely have incorporated into the amendatory statute an express clause of repeal. It is more probable that it did not so intend, and that it did not deem an express saving clause as to offences then already committed necessary, as the general statute (*The Code,* §3766) provided and still provides, that "where a part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form; but the portions which are not altered, are to be considered as having been the law since their enactment, and the new provisions as having been enacted at the time of the amendment."

There is no error.   Let this opinion be certified to the Superior Court according to law.   It is so ordered.

No error.                                                    Affirmed.