THE STATE v. H. P. MORGAN.

*Arson—" Wantonly and Wilfully "—Indictment—" Shop."*

1. An indictment for a violation of §985 of *The Code*, as amended by Ch. 66, Laws of 1885, which fails to allege that the act of the defendant was done " wantonly and wilfully," is fatally defective, and the use of the words *unlawfully, maliciously* or *feloniously,* will not supply the lack of the essential descriptive terms.

2. A house used for the purposes of selling or manufacturing goods, &c., is a " shop " within the meaning of that term, as it is employed in the statute.

(*State* v. *Massey,* 97 N. C., 465; *State* v. *Stanton,* 1 Ired., 424; *State* v. *Butts,* 92 N. C., 784, and *State* v. *Brigman,* 94 N. C., 888, cited).

CRIMINAL ACTION, tried before *Meares, Judge,* at March Term, 1887, of the Criminal Court of NEW HANOVER county.

The indictment charged that the defendant "feloniously, wilfully, maliciously and unlawfully did set fire to a certain house, used as a shop and store, then and there situate," &c. · On the trial there was a verdict of guilty. The defendant

41

moved in arrest of judgment, assigning as grounds of the motion, first, that the indictment charges that the defendant "did set fire to a certain *house;*" and secondly, that it does not charge the act to have been done "wantonly and wilfully."

The Court overruled the motion, and gave judgment against the defendant. The latter having excepted, appealed.

*The Attorney General,* for the State.
*Messrs. M. Bellamy* and *T. W. Strange,* for the defendant.

MERRIMON, J., (after stating the case). The defendant is charged in the indictment with a violation of the statute, (*The Code,* § 985, par. 6,) as amended by the subsequent one (Acts 1885, ch. 66), which provides, as amended, that "whoever shall *wantonly and wilfully* set fire to any church, chapel or meeting-house, or shall *wantonly and wilfully* set fire to any stable, coach-house, out-house, warehouse, office, shop, mill, barn or granary, or to any building or erection used in carrying on any trade or manufacture, or any branch thereof, whether the same or any of them respectively shall then be in the possession of the offender, or in the possession of any other person, shall be guilty of felony, and imprisoned in the penitentiary for not less than five nor more than forty years." This statute, before it was so amended, did not contain the words "wantonly and wilfully," but in the place of them, wherever they now appear, the other words "unlawfully and maliciously," which the amendment struck out of it.

It will be observed that the indictment charges that the defendant *wilfully* "did set fire to," &c., but it does not charge, as it should do, that he "*wantonly* and wilfully did set fire to," &c. *State* v. *Massey,* 97 N. C., 465. It does, however, charge that he "feloniously, * * * maliciously and unlawfully did set fire to," &c.; and it was contended on the argument

here that these words sufficiently supply the place and mean-
ing of the omitted essential word "wantonly." It is true
that if a word or words, equivalent in meaning and effect to
the word of the statute descriptive of and defining the of-
fence, were used, this would be sufficient. *State* v. *Stanton,* 1
Ired., 424; *State* v. *Butts,* 92 N. C., 784. But the words, "un-
lawfully and maliciously," used, cannot supply the place of
the word "wantonly," omitted, which, by the amendment
mentioned, was in part substituted for them, as was decided
in *State* v. *Massey, supra.* Nor does the word "feloniously"
supply the omission. This word implies that the act charged
to have been done proceeded from an evil heart and wicked
purpose. It is a highly technical term, and is employed
particularly in criminal pleadings to describe and charge of-
fences that proceed from a depraved heart and import
wicked purpose; that such offences are felonious in their na-
ture, and are done with a deliberate intent to commit a
crime. Wantonly, in a criminal sense, implies that the act
was done of a licentious spirit, perversely, recklessly, with-
out regard to propriety or the rights of others, careless of
consequences, and yet without settled malice. The meaning
and application of the term is well considered by the Chief
Justice in *State* v. *Brigman,* 94 N. C., 888. It is essential
that the indictment shall charge that the defendant "want-
only" as well as "wilfully set fire to," &c., and as this is
not done in terms or effect, it is fatally defective—it does
not charge the offence intended, and the judgment must
therefore be arrested.

As to the first ground of objection to the indictment, we
think it unfounded. A "shop," in the sense of the statute,
implies a *house* or *building* in which small quantities of goods,
wares or drugs and the like are sold, or in which mechanics
labor, and sometimes keep their manufactures for sale; and
as it is charged that the defendant * * * "set fire to a
certain house *used as a shop* and store," it in effect and suffi-

ciently charges that he set fire to a "shop," a sort of house expressly named in the statute. A house used for the purpose of a shop is a shop while so used, within the meaning of the statute, whether built for that purpose or not. One of its purposes is to protect houses and buildings used as shops, and thus to protect shops.

As the judgment must be arrested, it is unnecessary to advert to other errors assigned in the record. There is error.

Let this opinion be certified to the Criminal Court of New Hanover county according to law.

Error.