STATE OF NORTH CAROLINA v. JACQUELINE M. MATHIS

No. 7119SC715

(Filed 29 December 1971)

Criminal Law §§ 83, 95 — joint trial of husband and wife — admission of husband's statement

    In a joint trial of a husband and wife for felonious larceny, it was proper to admit in evidence the husband's extrajudicial, inculpatory statement, where the statement neither implicated the wife nor violated the privileged communication rule of G.S. 8-57.

APPEAL by defendant from *Gambill, Judge,* 19 April 1971 Session of Superior Court held in CABARRUS County.

Defendant was jointly charged with her husband Cecil Mathis in a bill of indictment with (1) felonious breaking or entering, (2) felonious larceny, and (3) feloniously receiving stolen goods knowing them to have been feloniously stolen. The third count was voluntarily dismissed before trial, and a directed verdict of not guilty was ordered on the first count. Only the second count, felonious larceny, was submitted to the jury.

The State's evidence tended to show the following. At approximately 3 o'clock a.m. on 3 March 1970, Deputy Sheriff Robert J. Eury of the Cabarrus County Sheriff's Department was patrolling an area in the vicinity of Towel City Towel Company, Inc., and Specialty Dyers, two businesses which occupied the same building. When Deputy Sheriff Eury shone his light into the area of the Towel Shop, he observed a person underneath a trailer which was parked at the rear of the businesses. Upon investigation he found no one, but observed several cartons of cigarettes, towels, hosiery, and other items where the person had been seen. Further investigation revealed that a window to the building had been broken and that entry had been gained into the Towel City Towel Company store. Deputy Eury ascertained that the merchandise found beneath the trailer belonged to Towel City Towel Company. The inside of the store at the time of Deputy Sheriff Eury's investigation was in disarray. In the immediate vicinity of the Towel City Towel Company, officers discovered an abandoned vehicle which was registered in the names of Cecil and Jacqueline Mathis.

Approximately one hour after his investigation of Towel City Towel Company, Officer Eury confronted the defendant-appellant and her husband in a taxicab. Upon advising them of their Constitutional rights pursuant to the Miranda decision, Officer Eury and Officer C. A. Bennett, an officer with the Concord Police Department, questioned the defendant's husband. Her husband stated that they were in the taxicab on their way to Charlotte because someone had stolen their car. Upon noticing that their names matched the names of the owners of the car which was located in the vicinity of Towel City Towel Company, Officer Bennett placed the defendant-appellant and her husband under arrest.

At the Concord Police Department, Detective George H. Smith of the Concord Police Department, after again advising the defendant and her husband of their Constitutional rights, questioned each of them individually. Both gave approximately the same stories to Detective Smith. Defendant's story, in substance, was that she had allowed a stranger to drive her car and that the stranger drove the car to the warehouse and parked the car in a field. The stranger then told her to wait in the car and that he would return within a few minutes. When the stranger returned, he asked her to accompany him to the ware-

house. She did and she assisted him in removing articles of merchandise from the warehouse. The defendant told Detective Smith that, upon seeing a police car in the vicinity shine its light at the warehouse, she ran.

Before this evidence was taken at the trial, the court conducted a *voir dire* and concluded as a matter of law that the statements were freely, voluntarily, and understandingly made to Detective Smith.

Defendants offered no evidence.

The jury returned a verdict of guilty and a judgment of confinement for a period of not less than three nor more than eight years was entered. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*Larry E. Harris for the defendant.*

BROCK, Judge.

Defendant's husband, Cecil Mathis, was tried jointly with her and was also convicted of felonious larceny. His appeal was heard by another panel of this Court.

When the State proposes to rely upon confessions, a trial of two or more defendants jointly is fraught with the difficulty of excluding from the confession of the declarant any reference to a co-defendant. See *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492. When the co-defendants in a joint trial are husband and wife, the State runs the danger of violating G.S. 8-57, and this danger is compounded by the rule laid down in *State v. Fox, supra,* when the State proposes to rely upon confessions of husband and wife in a joint trial. It is likely that the time saved in a joint trial of husband and wife, with or without the use of confessions, is not worth the risk of prejudicial error.

In this case, defendant Jacqueline M. Mathis has no grounds to complain that her extrajudicial, inculpatory statement was used in evidence against her. Upon plenary, competent evidence on *voir dire,* the trial judge found that her statements were freely, understandingly, and voluntarily made. Nevertheless, she assigns as error the allowance by the trial court of her husband's extrajudicial, inculpatory statement in evidence in their joint

trial. She contends she suffered prejudicial error because of the violation of both the rule of *State v. Fox, supra,* and the rule of G.S. 8-57.

We quote verbatim Officer Smith's recitation of the statement made to him by defendant's husband.

"Q State what he told you about his activity on this occasion, Mr. Smith.

"A He stated that he was at the Oldsmobile Place here in Concord looking at some cars with a person he did not know from Charlotte; that when they started to leave the Oldsmobile place the stranger drove the car, and drove to a place behind the warehouse where the stranger got out of the car, and said he'd be back in a few minutes; he did return after a short while and asked him to come with him to the warehouse, he had some stuff he wanted to get; he stated that while they were at the warehouse with the stranger an officer came by and they ran. He said they were at the warehouse getting some stuff. He said he did not enter the building. He had accompanied the stranger there who said he had some stuff he wanted to get. The stuff was at the rear door of the building. After having talked to Cecil and Jacqueline Mathis, I subsequently had another conversation with both of them."

A close reading of the testimony discloses that, if any part of the husband's extrajudicial statement implicated the co-defendant wife, it was carefully deleted by the State. Thus, there was no violation of the rule of *State v. Fox, supra,* or of the rule of G.S. 8-57. The admission of the co-defendant husband's extrajudicial statement was not prejudicial to the co-defendant wife.

We have examined defendant's remaining assignment of error and, in our opinion, no error has been shown which requires or would justify a new trial.

No error.

Judges BRITT and VAUGHN concur.