STATE OF NORTH CAROLINA v. FREDERICK EARL CANNADY
STATE OF NORTH CAROLINA v. WILLIE BURNICE HINNANT

No. 737SC157 and No. 737SC158

(Filed 23 May 1973)

1. **Property § 4— feloniously and maliciously — not synonymous terms**
    Use of the word "feloniously" in an indictment based on G.S. 14-49(b) charging defendants with damaging real and personal property of another by use of an explosive was not a sufficient substitute for the word "maliciously" as used in the statute, since the word "feloniously" implies that the act charged to have been done proceeded from an evil heart and wicked purpose but does not allege the necessary element of actual ill will, hatred or animosity of the accused toward the person whose property was injured.

2. **Property § 4— failure of indictment to allege malicious damage — indictment fatally defective**
    Without the essential element of malicious damage to property being alleged in the indictments charging defendants with "unlawfully, wilfully and feloniously" damaging real and personal property of another by the use of an explosive, regardless of the method with which the damage was caused, the defendants were not apprised of the crime charged and the bills of indictment were defective.

3. **Constitutional Law § 31; Criminal Law § 95— confessions of codefendants — admissibility**
    In this case where there were two defendants and each confessed to the crime charged, the State was able to delete all portions of each confession which otherwise would have implicated the defendant other than the declarant; therefore, hearsay evidence was in no way used to convict either defendant, and the admission of both confessions into evidence was not error.

APPEAL by defendants from *Martin (Perry), Judge,* 14 August 1972 Session of NASH Superior Court.

Each defendant was charged with violation of G.S. 14-49 in that on the night of 31 March 1972 they placed one and one-half sticks of dynamite in front of the Stanhope Grocery and Hardware Company, which dynamite caused an explosion which severely damaged both the building and personal property contained therein.

Trial by jury resulted in verdicts of guilty as to each defendant. Defendant Cannady was sentenced to a term of imprisonment for not less than twenty nor more than twenty-five years. Defendant Hinnant was sentenced to a term of imprisonment of not less than fifteen nor more than eighteen years.

*Attorney General Robert Morgan by Associate Attorney Norman L. Sloan for the State.*

*Moore, Diedrick & Whitaker by L. G. Diedrick for defendant appellant Cannady.*

*Frederick E. Turnage for defendant appellant Hinnant.*

CAMPBELL, Judge.

Each defendant was charged in a separate bill of indictment as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Frederick Earl Cannady alias Jim [Willie Burnice Hinnant] late of the County of Nash on the 31st day of March 1972 with force and arms, at and in the county aforesaid, did *unlawfully, wilfully and feloniously* damage real and personal property belonging to another by the use of an explosive, to wit: the Stanhope Grocery and Hardware Company against the form of the statute in such case made and provided and against the peace and dignity of the State." (Emphasis added.)

The indictments alleged violations of G.S. 14-49(b) which provides:

"Any person who *wilfully and maliciously* damages or attempts to damage any real or personal property of any kind or nature belonging to another by the use of any explosive or incendiary device or material is guilty of a felony." (Emphasis added.)

Defendants contend that the indictments are fatally defective in that they failed to allege all the essential elements of the offense; that is, that the crime was maliciously committed. The State, on the other hand, argues that the use of the word "feloniously" is a sufficient substitute for the word "maliciously."

It has been held in some jurisdictions that the words "feloniously" and "maliciously" have the same meaning—with criminal intent. *Aikman v. Commonwealth,* 18 S.W. 937 (Ky. 1892). In the *Aikman* case the defendant was indicted for arson which was a crime not defined by statute. Although malice was an essential element of the crime of arson at common law, the court held that the word "feloniously" was sufficient to supply the full meaning of the word "maliciously." "An act, to be malicious, need not be confined to an ill will towards the person. It is so if done with a deliberate evil intent." 18 S.W. at 938.

However, if the statutory use of the word "malicious" in defining a crime attaches to that word the specific, technical meaning of ill will, animosity, then an indictment framed without the use of the word "maliciously" is fatally defective. *Coates v. Commonwealth,* 235 Ky. 683, 32 S.W. 2d 34 (1930). In *Coates* the defendant was tried for the statutory offense of "maliciously" shooting at another. The court held that since there are various statutory degrees of the offense, malice is the element that distinguishes the two lower offenses from the higher offense. Therefore, an indictment framed without using the word "malicious" is void notwithstanding the ruling of *Aikman v. Commonwealth, supra.* See *State v. Smith,* 119 Tenn. 521, 105 S.W. 68 (1907), in which the court upheld the validity of an indictment without the use of the word "maliciously" because it believed the legislative intention was not to give that word a meaning of ill will.

With respect to the meaning of G.S. 14-49(b), North Carolina law is settled. "The gist of the offense created by G.S. 14-49 is malicious injury or damage to property, real or personal, by the use of high explosives. The word 'malicious' as used in the statute connotes a feeling of animosity, hatred or ill will toward the owner, the possessor, or the occupant." *State v. Conrad,* 275 N.C. 342, 352, 168 S.E. 2d 39, 46 (1969).

Where the gist of the offense is malicious damage to property, the indictment must allege malice toward the owner of the

property, or its possessor. "Malicious" means more than intending wrong; it connotes actual ill will or resentment toward the owner or possessor of the property. It is an element of preconceived revenge. *State v. Martin*, 141 N.C. 832, 53 S.E. 874 (1906); *State v. Jackson*, 34 N.C. 329 (1851); *State v. Robinson*, 20 N.C. 129 (1838).

[1] Although the word "feloniously" implies that the act charged to have been done proceeded from "an evil heart and wicked purpose," *State v. Morgan*, 98 N.C. 641, 3 S.E. 927 (1887), it does not allege the necessary element of actual ill will, hatred, or animosity of the accused toward the person whose property was injured. Although the indictments contain the word "wilfully" that word does not have an equivalent meaning to the word "maliciously" and does not save the indictments. *State v. Morgan, supra; State v. Massey*, 97 N.C. 465, 2 S.E. 445 (1887).

[2] The significance of the error in this indictment is illustrated by comparing G.S. 14-49(b) to other statutes: G.S. 14-49(b) creates the crime of wilfully and maliciousy damaging real or personal property by use of explosives; G.S. 14-127 creates the crime of wilfully and wantonly injuring real property; and G.S. 14-160 creates the crime of wilfully and wantonly injuring personal property. The latter two crimes are misdemeanors, and are statutory enactments designed to avoid the element of malicious ill will required by the common-law crime of malicious mischief. G.S. 14-49(b), however, is made a felony due to the nature of the cause, and follows the common-law crime of malicious mischief by requiring malicious ill will. Without the element of malicious damage to property being alleged in the indictment, regardless of the method with which the damage was caused, the defendants were not apprised of the crime charged and the bill of indictment was defective.

G.S. 15-153, designed to free indictments from the requirement of technicality and formality, does not dispense with the requirement that all the essential elements of an offense must be charged. *State v. Williams*, 1 N.C. App. 312, 161 S.E. 2d 198 (1968). For the fatal error of failing to allege all the elements of the offense, the indictments in the instant case are void.

[3] Although judgment must be arrested, we deem it expedient in the event there be another trial to discuss one other assignment of error. Each defendant contends that the admission into

evidence of the other's confession denied him the right to confrontation secured by the Sixth Amendment to the United States Constitution. *Roberts v. Russell,* 392 U.S. 293, 20 L.Ed. 2d 1100, 88 S.Ct. 1921 (1968).

However, in the instant case the State was able to delete all portions of each confession which otherwise would have implicated the defendant other than the declarant. Therefore, hearsay evidence was in no way used to convict either defendant, and the admission of both confessions was not error. *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968); *State v. Mathis,* 13 N.C. App. 359, 185 S.E. 2d 448 (1971).

The legal effect of arresting the judgment is to vacate the verdict and sentence; and the State may proceed against the defendants, if it so desires, upon a new and sufficient bill of indictment. *State v. Faulkner,* 241 N.C. 609, 86 S.E. 2d 81 (1955).

Bill quashed. Judgment vacated.

Judges VAUGHN and HEDRICK concur.