Mr. Justice Van Valkenburgh
delivered the opinion of the court.
This was an information identical in the questions raised upon the trial with the case of Eichard Evans vs. The State, decided at this term of the court, and the decision of such questions in that case disposes of this.
There was in this case a motion for a new trial, as in that case, denied by the court, one ground of which was “that the verdict is unsupported by and against the weight of the evidence.” The defendant’s counsel insists that there was no proof before the jury as to the time when the of-fence charged was committed, and, second, that the proof was insufficient to connect the defendant with the keeping of the house. The case was tried at the March term, 1878. Prank Touart testified “that he was marshal of the city of Pensacola last year, know the house reputed to be kept by Mollie McCoy; think it was kept by Mollie McCoy, because she took out a city license for a boarding house during my term of office; know that during my tims as City Marshal men were in the habit of visiting the house until very late hours of the night.”
This evidence fixes the time spoken of by this witness as during his term of office as City Marshal, which he says was “last year.”
Alexander Gonzales says, “I know the house kept by Mollie McCoy.”
Charles LeBaron, Jr., testified that he “knew the house said to be kept by Mollie McCoy; it is at the foot of Palafox Street Wharf, in Pensacola, Escambia county; don’t know who keeps it.”
William Abercrombie testified that he “knew the-house said to be kept by Mollie McCoy.”
This is all the evidence before us relating to the time when the offence was committed, or to connect the defendant with the keeping of the house. Touart, in his evidence, does not prove the offence, and he is the only witness in any way referring to time. Gohzales knows the house kept by Mollie McCoy, but the question here occurs, when so kept? Before or since the information was filed, or was it within the statutory tinle within which such offences may be prosecuted? Le Baron did not know who kept it, and Abercrombie only knew that it was said to be kept by the defendant. This is too loose and unsatisfactory evidence upon which to convict a person of such an offence.
The judgment must be reversed and a new trial awarded.