# 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## BOYD v. THE COMMONWEALTH.

### January 25th, 1883.

1. CRIMINAL PRACTICE—*Pleading.*—An indictment under a statute must state all the circumstances which constitute the offence as defined in the statute.

2. IDEM—*Idem.*—Though the offence, at common law or by statute, is defined in general terms, yet the indictment must charge it specifically, and descend to particulars.

3. IDEM—*Idem—Officials.*—In an indictment for corrupt misbehavior in office, the act must be distinctly charged as done knowingly and with corrupt motives.

4. CASE AT BAR.—B., an election official, is indicted under Code 1873, ch. 8, § 43, for acting unlawfully as such official.   On motion to quash,

HELD:

> Though he may have acted *unlawfully*, it does not follow that he was guilty of *corrupt conduct*, for the punishment whereof the statute was intended, and the indictment is insufficient.

Error to the decision of the circuit judge of Pittsylvania county, refusing to grant a writ of error and *supersedeas* to the judgment of the county court of said county, rendered 20th August, 1881, whereby William B. Boyd was sentenced to pay a fine of $246, and to be confined in jail for one month, upon an indictment for unlawful conduct as a judge of the election held at Shockoe precinct in said county on 2d November, 1880. Opinion states the facts so far as necessary to understand the points decided.

*J. D. Coles* and *W. W. Henry* for the appellant.

*F. S. Blair*, attorney-general, for the commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of Pittsylvania county, for corrupt conduct as a judge of election, at Shockoe voting place, in said county, at a general election there held on the second day of November, 1880. The prosecution is founded on section forty-three, chapter eight, of the Code of 1873, which provides, that "if any officer, messenger, or other person on whom any duty is enjoined by law relative to general or special elections, shall be guilty of any wilful neglect of such duty, or of any corrupt conduct in the execution of the same, he shall, upon conviction thereof, be deemed guilty of a misdemeanor," and shall be punished by fine and imprisonment, as therein prescribed. Section twelve of the same chapter provides, that at all elections held under that act, the polls shall be opened at sunrise on election day. And by section eight it is provided, that in the event of the failure of any judge or judges of election to attend at the polls for one hour after the time prescribed for opening them, the judge or judges in attendance may select one or more qualified persons to serve in the place of such absent judge or judges.

The indictment charges that the plaintiff in error being one of the judges of election at the said voting place, on the said second day of November, 1880, "at the general election aforesaid, duly selected and appointed as aforesaid, and in the execution of his said office * * * * then and there with threats, opprobrious language and menaces, did unlawfully, corruptly, and wilfully prevent Edward B. Moon and James B. Fitzgerald from qualifying and acting as judges of said election, at said voting place, and from entering upon the performance of the duties imposed upon them by law touching the holding, conducting and certifying the same." It avers that the said Edward B. Moon and James B. Fitzgerald, together with the plaintiff in error, had been appointed judges of election for the said voting place, by the county court of the said county

at its preceding April term, and that the acts complained of were done within the space of one hour after sunrise on the said second day of November. It then further charges as follows: "That he, the said William B. Boyd," [the plaintiff in error] * * * then and there, "and while in the discharge of the functions of his said office, did unlawfully, wilfully and corruptly select and appoint two other male citizens of said district, to-wit, Willis H. Shields and Larkin D. Atkinson, to act as judges of said election, in the place of the said Edward B. Moon and James B. Fitzgerald, he, the said William B. Boyd, well knowing, and at the time of said selection and appointment of said Shields and Atkinson as judges as aforesaid, that the said Edward B. Moon and James B. Fitzgerald were then and there desirous to qualify and act as judges at said election in conjunction with [him] the said Boyd, and were then and there endeavoring to qualify and act as judges at said election and to enter upon the performance of the duties imposed upon them by law as such judges."

These are all the facts and circumstances set forth in the indictment upon which the charge of corrupt conduct on the part of the plaintiff in error is based.

Upon his appearance in the county court he moved to quash the indictment, but the motion was overruled. He then demurred to the indictment, and the demurrer was overruled; and having been found guilty by the jury, and sentenced by the court in accordance with the verdict, he applied to the judge of the circuit court of Pittsylvania county for a writ of error; which was refused. Thereupon, a writ of error was awarded him by one of the judges of this court.

The first error assigned, and the only one we deem it necessary to consider is, that the court erred in overruling the motion to quash the indictment, and also in overruling the demurrer to the same.

It is a familiar and elementary principle of criminal pleading that an indictment upon a statute must state all the circum-

stances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. If the indictment may be true, and still the accused may not be guilty of the offence described in the statute, the indictment is insufficient. So, where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species—it must descend to particulars.

Apply these principles to the indictment before us, and the conclusion is irresistible that it is fatally defective. It is not sufficient to sustain the indictment that the plaintiff in error acted unlawfully merely. A judge of election may be guilty of unlawful conduct, and yet not necessarily guilty of corrupt conduct, in the discharge of his official duties. Conceding, therefore, that the plaintiff in error unlawfully by threats, or even by acts of violence, prevented those who had been selected as his associate judges of election from discharging their duties, it does not necessarily follow that he is guilty of the offence for which he was indicted and convicted.

Moreover, for aught that appears in the indictment, Moon and Fitzgerald may have been disqualified to act as judges of election at the time and place specified. It is true it is averred that they had been duly appointed judges of election in the month of April preceding; but *non constat* they were qualified to act as such on the 2d day of November, 1880. The fact may have been that on that day they were candidates for offices to be filled at the election then held, and therefore expressly forbidden to act as judges of the election by the provisions of the statute relating to elections. But conceding they were qualified to serve, there is nothing in the indictment to show that the plaintiff in error acted *corruptly*—however unlawfully he may have acted—in preventing them from so serving, or in selecting Shields and Atkinson to act in their places.

In an indictment against an officer for corrupt misbehavior in office, says Wharton, "it is necessary that an act imputed as

misbehavior be distinctly and substantially charged to have been done with corrupt  \*  \*  motives, and, above all, with knowledge that it was wrong, though there are no technical words indispensably required in which the charge of corruption shall be made. It is otherwise, however, in neglects, and in cases where bare acts are made indictable irrespective of intent." 2 Whart. Criminal Law, section 2518. See also *Jacobs and others* v. *Commonwealth,* 2 Leigh, 709; *People* v. *Coon,* 1 Wend., 277; *State* v. *Buxton,* 2 Swann (Tenn.), 57.

It is needless to say more. It is plain that the indictment lacks the certainty and precision required by the established rules of criminal pleading, and that the county court erred in overruling the defendant's motion to quash the indictment, and afterwards in overruling his demurrer to the same.

The judgment of the county court must therefore be reversed, the verdict of the jury set aside, and the plaintiff in error discharged from further prosecution under the said indictment.

The judgment was as follows:

This day came again as well the attorney-general on behalf of the commonwealth as the plaintiff in error by his counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that " the indictment in this case is not sufficient in law," and that the said county court of Pittsylvania county erred in overruling the motion to quash the same, and also in afterwards overruling the demurrer thereto. It is therefore considered and ordered that the said judgment of the said county court be reversed and annulled, the verdict of the jury set aside, and that the plaintiff in error be discharged from further prosecution under the said indictment.

Which is ordered to be certified to the said county court of Pittsylvania county.

JUDGMENT REVERSED.