## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### COOL v. COMMONWEALTH.

December 3, 1896.

1. CRIMINAL LAW—*Housebreaking—Indictment—Time when offence committed.*—
    An indictment for breaking and entering a "mill-house" with intent
    to commit larceny therein, must charge the time at which the alleged
    breaking and entering took place, for if done between February 12,
    1894, and January 9, 1896, the offence was not a felony, while if done
    before the first date, or after the latter, the offence is a felony. Time is
    of the essence of the offence.

Error to a judgment of the County Court of Dickenson
county rendered December 14, 1895, on an indictment for
breaking and entering a "mill house" with intent to commit
larceny therein.

*Reversed.*

This was an indictment for breaking and entering a "mill-
house" with intent to commit larceny therein. The indict-
ment, which is set forth in the opinion of the court, left blank
the date at which the offence was charged to have been com-
mitted. There was no demurrer to the indictment, and no
bill of exception taken to any ruling of the trial court. The
record states that, after the jury had rendered their verdict,
the prisoner "moved the court in arrest of judgment, and to
set aside the verdict and grant him a new trial, which motion
the court takes time to consider." On the next day the de-
fendant by his attorney withdrew his motion to set aside the
verdict of the jury, but not the motion in arrest of judgment.
The court, however, overruled the motion in arrest of judg-

ment and pronounced judgment in accordance with the verdict.

*Chase & Damron,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

The grand jury of Dickenson county at the July term of the county court of the year 1895, found an indictment against William Cool, that he "on the — day of ——, in the year one thousand eight hundred and ——, in the said county, and within the jurisdiction of the said County Court of the county of Dickenson, did then and there feloniously break and enter a certain mill-house, the property of Noah B. Sykes, and not adjoined to or occupied with the dwelling-house of the said Noah B. Sykes, with the intent to commit larceny therein, and one and one-half bushels of meal of the value of one dollar and fifty cents, of the goods and chattels of the said Noah B. Sykes, in the said mill-house, then being feloniously did steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia." To this indictment the prisoner pleaded "not guilty," and upon that plea the jury found him guilty and ascertained his term of imprisonment in the penitentiary at two years; thereupon, he moved in arrest of judgment, which motion the County Court overruled, and entered judgment upon the verdict. Cool then applied to the Circuit Court of Dickenson county for a writ of error, which was refused, and thereupon he presented his petition for a writ of error to this court, which was allowed.

The reason assigned for the motion in arrest of judgment is that the indictment omits to state the time when the alleged offence was committed.

At common law it was necessary to set out in the indictment the date of the alleged offence, though upon the proof

the prosecution was not confined to the time as stated in the indictment except in those cases where time was a material element in the offence, but by section 3999 it is provided that the indictment shall not be quashed or deemed invalid for omitting to state or stating improperly the time at which the offence was committed when time is not of the essence of the offence.    It becomes necessary, therefore, to enquire whether in this case time was of the essence of the offence.

Sections 3705 and 3706 under which this prosecution took place, as they appear in the Code, are as follows:

3705.  "If any person, in the night, enter without breaking, or, in the day-time, break and enter a dwelling-house, or an out-house adjoining thereto and occupied therewith, or, in the night-time, enter without breaking, or break and enter, either in the day-time or night-time, any office, shop, store, house, warehouse, banking-house, or other house, or any ship or vessel, or river craft, or any railroad car, within the jurisdiction of any county, with intent to commit murder, rape, or robbery, he shall be confined in the penitentiary not less than three nor more than ten years."

3706.  "If any person do any of the acts mentioned in the preceding section, with the intent to commit larceny, or any felony other than murder, rape, or robbery, he shall be confined in the penitentiary not less than two years nor more than ten years, or in the discretion of the jury, confined in jail, not exceeding twelve months, and fined not exceeding five hundred dollars."

By an act passed February 12, 1894, section 3705 was so amended as to omit the words "or other house," so that as amended the act punishes the breaking and entering any office, shop, store-house, warehouse, banking-house, etc. Acts 1893-'94, p. 228.

It was again amended by an act passed January 9, 1896, which restores the words "or other house," so as to make the statute read now as it stood in the Code as originally enacted. Acts 1895-'96, p. 36.

During the period between February 12, 1894, when the words "or other house" were omitted, and January 9, 1896, when they were restored, the law punished the breaking and

entering only those houses especially enumerated, and contains no general description of "house," broad enough to cover the offence charged in this indictment which was the breaking and entering of a "mill-house," for a mill-house is neither an office, shop, store house, warehouse, or banking house. During that interval to break and enter a "mill-house" with intent to commit larceny was not a felony. Neither was it a felony to break and enter a mill-house and commit therein a larceny of goods of the value of $1.50. If the offence charged was committed prior to February 12, 1894, then it was punishable under the law as it appeared in the Code, for by section 6, it is provided: "No law shall be construed to repeal a former law, as to any offence committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred,   *   *   *   or in any way whatever to affect any such offence or act so committed or done, or any penalty, forfeiture, or punishment so incurred." Time in this case then is of the essence of the offence charged. If committed before February 12, 1894, the prisoner was guilty of a felony; if committed after that date and before the passage of the act of January 9, 1896, he was guilty of a misdemeanor.

In the case of *State* v. *Wise*, 66 N. C. 120, a case analogous to the case at bar, it is said: "Where there are two statutes and the one of subsequent date changes the nature of the offence, or the punishment of the same, the indictment must by proper averment refer to the statute under which it was found so that the court may see the exact character of the offence, and the nature and measure of the punishment to be imposed."

In the case before us either one of the two statutes may have applied to and controlled the case. Under one of them it was a misdemeanor; under the other it was a felony. If the offence was committed prior to the 12th of February, 1894, it was a felony and properly punished; if committed

subsequent to that date, it was a misdemeanor, and improperly punished.    There is nothing in the record to enable the court to render an intelligent judgment upon this vital question thus left unanswered.

We think the judgment should have been arrested, and the indictment quashed.

*Reversed.*