MONICK ALEXANDER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—*allegata et probata* as to Date of Crime.

It is well settled that while indictments for crime must generally state some time or date upon which the offense was committed, which date must be prior to the finding of the indictment and within the period when the offense would be barred by limitations, yet such time need not be stated accurately, except in those cases where the allegation of the precise time is material; and a different time from the one alleged may be proved at the trial, and it will be sufficient to sustain a conviction if such proof shows the offense to have been committed at any time prior to the indictment and within the bar of the statute, except in the cases where the exact time enters into the nature of the offense.

Writ of Error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*Joseph A. Edmondson,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error was indicted, tried and convicted at the Fall term, 1897, of the Circuit Court for Leon county of the crime of assault with intent to murder, and sentenced to the penitentiary for three months, and comes here by writ of error.

The indictment alleged the date of the commission of the offense to have been the 5th day of September, A. D. 1897. The trial took place on December 6th, 1897. The language of the witnesses as to the *time* of the occurrence was that it took place *"on the fifth Sunday in September last."*

The only assignment of error insisted upon here is that the court below erred in denying defendant's motion for new trial, made upon the ground that the verdict was contrary to the evidence. In support of this assignment of error it is contended here that this court will take judicial notice of the fact that there were only four Sundays in the month of September, 1897, and that consequently the date fixed by the testimony as being the "fifth *Sunday"* was an impossible date; and that it was tantamount to an entire absence of proof as to any date at all of the commission of the offense. And we are cited to various authorities as being supportive of the contention. The authorities cited all relate to *indictments,* holding them to be bad and insufficient to support verdicts of conviction predicated thereon, when they *charge* the commission of an offense upon an im-

possible date; for example, upon a date in future, subsequent to the date of the finding of the indictment, etc. The authorities all agree, however, that while some date or time must generally be stated in the indictment upon which the offense was committed, yet such time need not be stated accurately, except in those cases where the allegation of the precise time is material; and the time alleged must be prior to the finding of the indictment, and within the period when the offense would be barred by limitation; and a different time may be shown at the trial, and it will be sufficient to sustain a conviction if such proof shows the offense to have been committed at any time prior to the indictment; and within the bar of the statute, except in the cases where the exact time enters into the nature of the offense. Clark's Crim. Pro. pp. 237, 238 and 344 and citations; McCoy v. State, 17 Fla. 193; Nelson v. State, *Ibid.* 195. Although we might judicially take notice of the fact that the month of September, 1897, did not have five Sundays in it, even then we do not think that the mistake contended for on the part of the witnesses, in undertaking to name the numerical week day of the month on which the offense was committed, would justify us in reversing the verdict of conviction found upon such proof. The trial was had in the month of December, 1897, and this proof, treating the *day* attempted to be given as superfluous, shows that the offense charged was committed in the month of September, A. D. 1897, prior to the indictment, and within the bar of the statute of limitation. It would have been sufficient for conviction if the witnesses had testified generally that some time during the month of September last these occurrences happened, without undertaking to give any particular day of the week or of the month. The 5th day of September, 1897, charged in the indictment as the date of commission, was in fact

Sunday, and the jury may have correctly understood the witnesses to be testifying to that particular date, and to have used an abbreviated form of expressing themselves. Thus: Q. What date did this all happen? A. The fifth, which was Sunday, in September last. Which answer, by proper punctuation, can be correctly abbreviated into the exact language used by these witnesses thus: "The fifth—(Sunday,)—in September last." State v. McKenan, Harp. L. (So. Car.) 302.

We think the evidence was fully sufficient to sustain the conviction, and the judgment of the court below is hereby affirmed.