WASH WHATLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The amendment of a criminal statute does not, under section 32, Article III, constitution of 1885, affect the prosecution or punishment of a crime committed before the amendment became effective, but as to such crimes the original statute remains in force.

2. An indictment charging the particulars of an offense under section 2598, Revised Statutes, as it stood prior to the amendment thereof by chapter 4965, acts of 1901, but alleging the time of its commission as a day subsequent to the amendment, will not support a conviction for an offense committed prior to the amendment.

3. As a general rule the precise date laid in the indictment as the time of the commission of an offense need not be proved, and there will be no variance if another day be proved, provided it be prior to the finding of the indictment and within the statute of limitations. But every indictment must on its face charge the commission of a criminal offense, including matters necessary to enable the court to impose the proper sentence in case of conviction, and in determining its sufficiency in these respects the date alleged must be taken as the true date.

This case was decided by Division B.

Writ of error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court. .

*J. B. Johnson* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, P. J.—In May, 1902, in the Circuit Court of Suwannee county, the grand jury duly presented an indictment against the plaintiff in error, charging that he "on the first day of December, A. D. 1901, in the county and State aforesaid, with force and arms, unlawfully did then and

there have carnal intercourse with an unmarried female under the age of sixteen years, to wit: one Phoebe Stewart, contrary to the statute in such case made and provided." A trial was had at a subsequent term of the court, resulting in a verdict of guilty. Sentence was imposed which, upon a writ of habeas corpus sued out by defendant, was held to be void. Thereafter at a special term of the court the defendant was resentenced, whereupon he sued out this writ of error. We deem it necessary to consider only one of the errors assigned, which is that the court erred in overruling the defendant's motion in arrest of judgment.

Section 2598, Revised Statutes of 1892, before its amendment read as follows: "Carnal intercourse with unmarried female under sixteen years. Whoever has carnal intercourse with any unmarried female who is under the age of sixteen years shall be punished by imprisonment not exceeding twelve months or by fine not exceeding five hundred dollars." By chapter 4965, act approved May 31, 1901, and which took effect on the day it was approved, the quoted section is declared to be amended so as to read as follows: "Carnal intercourse with unmarried female under eighteen years. Whoever has carnal intercourse with any unmarried female who is at the time of such intercourse under the age of eighteen years, shall be punished by imprisonment not more then ten years, or by a fine not exceeding two thousand dollars, or by both fine and imprisonment." The amendment, under section 32, article III, constitution of 1885, does not affect the prosecution or punishment of a crime committed before it took effect, but as to such crimes the quoted section of the Revised Statutes remains in force. *Raines v. State,* 42 Fla. 141, 28 South. Rep. 57. It is very evident to the court that the indictment was framed with a view of charging an offense committed before the amendment. It follows the language of the section before its amendment, alleging the age of the female to be under sixteen years. It alleges, however, that the

offense was committed on December 1, 1901, a day subsequent to the amendment.   It is true that generally speaking the precise date alleged in the indictment as the day upon which the offense was committed is not material, so that there will be no variance if another day be proved, provided it be prior to the finding of the indictment, and within the statute of limitations.   But the indictment must on its face charge a crime sufficiently definite to enable the court to impose the proper sentence. and in determining its sufficiency in this respect the date alleged must be taken as true.

In *Commonwealth v. Maloney,* 112 Mass. 283, the court says:  "It is true that generally in criminal prosecutions it is not necessary that the precise time ·alleged should be proved.   But every indictment or complaint must allege a precise day and the time alleged must be such that the record will show that an offense has been committed and that the court may ascertain from it what punishment is to be imposed.   When a statute makes an act punishable from and after a given day, the time of the commission of the act is an essential ingredient of the offense to the extent that it must be alleged to have been after such day.   So, if a statute changes the punishment of an existing offense by imposing a severe penalty, with a clause saving from its operation offenses already committed, the allegation .of time is material.   The nature and character of the offense, and the penalty affixed to it, depend upon the time when the act charged is committed.   If in such a case an indictment alleges the act to have been committed before the passage of the statute enlarging the penalty, the offense charged and the punishment annexed to it are different from the offense and punishment if the act is committed after such time. They are different offenses, and an allegation of one is not sustained by proof of the other.   Otherwise the defendant would be exposed to a greater punishment upon a trial than he would be upon a plea of guilty."   This amended statute which was in force at the date alleged in the indictment not

only enlarges the scope of the criminal offense itself by raising the age limit from sixteen to eighteen years, but prescribes enlarged and additional penalties for its violation. Offenses committed subsequent to the amendment must be prosecuted and punished under the amendment, while offenses committed before must be prosecuted and punished under the section as it existed before amendment. It will not do to allege that an offense under the original section was committed after its amendment, and thereby secure its punishment under the amendment in case of conviction. As the present indictment attempts to do this, it is bad, and the motion in arrest should have been granted. *State v. Massey,* 97 N. C. 465, 2 S. E. Rep. 445; *Hodnett v. State,* 66 Miss. 26, 5 South. Rep. 518; *State v. Phippen,* 62 Iowa, 54, 17 N. W. Rep. 146; *Cool v. Commonwealth,* 94 Va. 799, 26 S. E. Rep. 411; *Collins v. State,* 58 Ind. 5. See, also, *Dreyer v. People,* 176 Ill. 590, 52 N. E. Rep. 372; *State v. Rollet,* 6 Iowa, 535; *State v. Caverly,* 51 N. H. 446. See, also, as bearing upon the question, our own decisions in *Dickson v. State,* 20 Fla. 800; *Chandler v. State,* 25 Fla. 728, 6 South. Rep. 768; *Alexander v. State,* 40 Fla. 213, 23 South. Rep. 536.

It is insisted by the Attorney-General that the court should treat this indictment as charging an offense under the amendment. He argues that as the amendment makes it a crime to have carnal intercourse with an unmarried female under the age of eighteen years, it likewise makes it a crime to have intercourse with an unmarried female under the age of sixteen years as here charged, for if the female was under the age of sixteen she was likewise under the age of eighteen; that the crime is here charged in the language of the amendment except that the age limit is stated at sixteen instead of eighteen; that the variance is immaterial since to be under sixteen is to be under eighteen. We do not deem it essential to the decision of this case to determine this question. The indictment unquestionably

charges the particulars of an offense under the original statute in the usual and appropriate language, but alleges that it was committed at a time when the amendment would control as to such offenses. The indictment was construed by the court below and the parties as charging an offense under the original statute, and the testimony introduced all relates to an offense committed prior to the amendment. If we should concede that the indictment would be sufficient to sustain a conviction for an offense committed after the amendment it would not, for reasons stated, be sufficient to sustain a conviction for the offense of which this defendant was convicted, and which we have no doubt the indictment really sought to charge.

The judgment is reversed and the cause remanded with directions to the Circuit Court to grant the motion in arrest.