PROMPT THOMPSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The majority of this court is of opinion when it is provided in an act that it should go into effect immediately upon its approval by the governor, and it becomes a law without the approval of the governor it does not take effect under the constitution until sixty days from the final adjournment of the session of the Legislature at which it may have been enacted. (TAYLOR and COCKRELL, JJ., dissent.)

2. Under section 1, of chapter 5678, of the laws of 1907, it is made a crime to contract with another to perform for him services of any kind with intent to procure money or other thing of value thereby, and not to perform the service contracted for. There must be *an intent not to perform the service* when the contract is made to sustain a conviction.

This case was decided by the court En Banc.

. Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*H. J. McCall,* for plaintiff in error;

No appearance for the State.

HOCKER, J.—The plaintiff in error was indicted by the grand jury of Taylor county under Chapter 5678 of the Laws of 1907, for obtaining money from the Perry Naval Stores Company under a contract to perform service, with intent not to perform the service contracted for. The indictment charges that he entered into the contract on the 27th of July, 1907. He was tried, convicted and sentenced at the spring term, 1908. The judgment is here for review.

The statute upon which this indictment is based was passed by the legislature of 1907, and the last section provides it should go into effect immediately upon its approval by the governor. It became a law without the approval of the governor. The legislature adjourned on the 31st of May, 1907.

Section 18, article 3, of the constitution of 1885, provides: "No law shall take effect until sixty days from

the final adjournment of the session of the legislature at which it may have been enacted, unless otherwise specially provided in such law." Section 28 of article 3 of the said constitution provides: "Every bill that may have passed the legislature shall, before becoming a law, be presented to the governor; if he approves it he shall sign it, but if not he shall return it with his objections to the house in which it originated, which house shall cause such objection to be entered upon its journal, and proceed to reconsider it; if, after such reconsideration, it shall pass both houses by a two-thirds vote of members present, which vote shall be entered on the journal of each house, it shall become a law. If any bill shall not be returned within five days after it shall have been presented to the governor (Sunday excepted) the same shall be a law, in like manner as if he had signed it. If the legislature, by its final adjournment, prevent such action, such bill shall be a law, unless the governor, within ten days after the adjournment, shall file such bill, with his objections thereto, in the office of the Secretary of State, who shall lay the same before the legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law."

The facts presented in the case of Atlantic Coast Line R. Co. v. Mallard, 53 Fla. 515, 43 South. Rep. 755, are unlike those of the instant case. In the former, this court held that where it was provided an act should "take effect immediately upon its passage and approval," and the Governor did not veto it, or approve it, it became as valid a law as if he had approved it. But it is not there held that such an act takes effect immediately as though he had approved it, and we were not then called on to decide this point. The only question presented was whether the act became a valid law when not approved and not vetoed by the Governor. Here the question is

when does the act take effect as a valid law? Under our constitution, as in that of most of the States the Governor is a constituent of the legislature.  1 Lewis Sutherland Statutory Construction, §60.  The general policy of our constitution is that no law shall take effect until sixty days from the final adjournment of the session of the legislature at which it may have been enacted, unless otherwise specially provided in such law.  Section 6, Art. XVI requires the Legislature to provide for the speedy publication of the laws.  These are most humane and wise provisions intended to afford opportunity to the people to ascertain the existence of the law and to accommodate themselves to it, and evidently a law should not be put into effect immediately upon its passage unless some exigency requires that it should be done.  The legislature of course is the sole judge of the existence of such an exigency, but under the constitution it may also provide under what circumstances an act shall go into effect immediately.  In the instant case the legislature has made the question whether the act shall go into effect immediately dependent upon its approval by the Governor, as it had a right to do.  The Governor might not have wholly disapproved of the act but might have objected to its going into effect at once, being penal and drastic in its nature.  If the legislature intended an active or positive approval as a condition precedent to the law taking effect before the usual time fixed by the constitution, and the act did not receive that approval, it could not under the constitution become effective until sixty days after final adjournment.  The legislature knew of course that the Governor could withhold and refuse his approval, and that in such event the law could only go into effect sixty days from the final adjournment, unless some unnatural construction should be placed upon the language of the act, so as to make it mean what the

legislature did not intend it should mean. For the provision that in case the Governor does not return or approve an act, that it shall go into effect "in like manner as if he had signed it," only refers to the manner of its becoming a law, and not necessarily the *time* within which it shall take effect. The time when an act goes into effect is governed by another provision of the constitution, *viz*: Section 18, Article 3, *supra*. We have not been able to find any analogous case under constitutional provisions like ours. Some constitutions contain what are called emergency provisions authorizing the legislature in case of emergency to put an act into effect immediately when an emergency exists. It seems to be held that such constitutions make the legislature the sole judge of the existence of the emergency, and such an act will go into effect immediately even though it be not approved by the Governor. Biggs v. McBride, 17 Oregon 640, 21 Pac. Rep. 878; Sinking Fund Commissioners v. George, 104 Ky. 260, 47 S. W. Rep. 779. We have no such provision. Under our constitution the legislature may specially provide when an act shall go into effect. In the instant case it made the going of the act into immediate effect dependent upon its approval by the Governor. It had the power to do this, and it was certainly its clear intention, if we are to take the language of the act in its ordinary and usual meaning.

It appears that when the legislature intends a law to take effect without reference to approval by the Governor, it provides as was done in Chapters 5636, 5638 Acts of 1907, that "this act shall take effect immediately on becoming a law;" or that "this act shall take effect immediately," as in Chapter 5637, Acts of 1907. See also Chapters 5596, 5603, 5608, 5609, 5611, 5615, 5626, Acts of 1907, and Chapter 4972 Acts of 1901.

It is, therefore, evident that this statute did not go into effect immediately upon its approval by the Governor, for he did not approve it.   The time of its taking effect is, therefore, fixed by the provision of section 18 of Article 3 of the Constitution to the effect that no law shall take effect until sixty days from the final adjournment of the session of the legislature at which it may have been enacted.   Sixty days after the day of the final adjournment of the legislature makes the act go into effect on the 30th of July, 1907, three days subsequent to the time when the offense is alleged to have been committed.   It follows, therefore, that the plaintiff in error was indicted, tried and convicted under a law which had not gone into effect, and that there was no authority in the court to try or sentence him.

Granting that in other respects the act was constitutional, about which there may be some question, still the judgment below must be reversed because the following portion of the charge given by the trial judge to the jury is erroneous, *viz*:   "The defendant has plead not guilty; and this throws the burthen of proving the offense on the prosecution, and if you believe beyond a reasonable doubt that the defendant contracted with the Perry Naval Stores Co. to perform service on its turpentine farm, and made that contract with the intention to procure money, and that he did procure money, and that after he did procure the money he did not perform the services contracted for then you should find him guilty." The first section of the act makes it an offense "to contract with another to perform for him services of any kind with intent to procure money or other thing of value thereby, *and not to perform* the service contracted for."   There must be *an intent not to perform the service,*

when the *contract for service is made* to sustain a conviction.

The judgment below is reversed.

SHACKLEFORD, C. J., and WHITFIELD and PARKHILL, JJ., concur.

TAYLOR, J., (*concurring*).—I am unable to agree to the conclusion reached in the opinion prepared by Mr. Justice HOCKER upon the question as to when the statute involved in this case became *actively effective* as a law. Under the provisions of our constitution, all statutes enacted by our legislature *become laws* so soon as they are approved by the governor, or, which is the equivalent of such approval, in the absence of an express veto thereof, so soon as the time expires that is limited by the constitution within which the governor can veto them, but, unless otherwise specially provided *by the legislature in the law itself as part of it,* all such laws *lie dormant,* and do not become *actively effective* as laws until the expiration of sixty days from the final adjournment of the session of the legislature at which they are enacted. *As part* of the statute in question the legislature *enacted* section three (3) thereof as follows: "This act shall go into effect immediately upon its passage and approval by the governor."

The act was never expressly approved or disapproved by the Governor, but became a law without his approval at the expiration of the constitutional period allowed for his veto thereof.

In the case of Atlantic Coast Line R. Co. v. Mallard, 53 Fla. 515, 43 South. Rep. 755; the special effective clause of the statute involved was as follows: "This act

shall take effect immediately upon its passage and approval," and it was contended in that case the act there involved never took effect and never became a law because the legislature had by the quoted provision thereof expressly made its *effectiveness* as a law contingent upon and dependent upon its approval by the Governor, and that inasmuch as the Governor had never expressly approved it, it had never become an effective law. This court in that case held that under the provisions of our constitution on the subject a statute properly enacted by the legislature, unless *expressly* vetoed by the Governor within the time limited by the constitution, becomes as valid a law, without the Governor's express approval, as though he had affirmatively approved it. The Court upon this question were unanimous in that case although differing upon other questions involved, and the unanimous conclusion reached upon this question in that case was based largely upon the following quotation from 1 Lewis Sutherland Statutory Construction, Section 172: "When a bill becomes a law by the non-action of the executive, under constitutional regulations, the non-action of the executive is a *quasi* approval, not complete until the lapse of the time prescribed for his affirmative action under the given conditions."

Our constitution does not give the Governor any voice whatever in the question as to when a law shall become *actively effective*—but expressly clothes the *legislature alone* with the authority *by its action* to make any law so actively effective outside of the time fixed by the constitution for all laws generally to become effective without such special action. If the constitution gives no power to the Governor in the matter of dictating *the time* when any law shall become *effective,* what right has the legislature to delegate such power to him by making the time of its effectiveness dependent upon his *express ap-*

*proval* of the whole entire law? Under the constitution the Governor approves or disapproves of the laws and every phase and feature of it as an entirety, except in the case of appropriation bills when he may disapprove of individual items therein leaving the residue to stand as law, and when he permits a law properly enacted by the legislature to stand without his express veto until after the lapse of the time fixed by the constitution for such express veto, it, and every part and feature of it becomes as valid a law as though he had expressly approved it.   His non-action within the time fixed by the constitution for his express veto or approval, is equivalent to an express approval by him of the whole law and every part and feature of it.   A special provision in a statute making it effective so soon as it becomes a valid law by the approval of the Governor, or by his non-action within the time limited for his veto, may at some time furnish a wise and wholesome reason for the exercise by the Governor of his right to veto such *entire* law, but he could not in such a case veto that feature alone of the law by which the legislature undertook to give it precipitate effectiveness, leaving the balance of the statute to stand as valid law and to become effective sixty days after the final adjournment of the legislature.   If the Governor cannot do so under the constitution, how can the legislature indirectly delegate to him a voice in the question of the time when a law shall become actively effective by so wording a special provision in the law dealing with the time when it shall become effective as that its immediate or remote effectiveness shall be contingent upon or dependent upon his *express approval* of the whole law as an entirety.   The quoted third section of the law under discussion from the phraseology shows upon its face that its purpose was to give the *entire law immediate effectiveness* so soon as it became a valid law either by the express

approval of the executive or by his non-action within the time limited for a veto thereof—and, as was held in the Mallard case above cited, his non-action within that time was equivalent, in its effect upon the whole law and every part and feature of it, to an *express approval* thereof by him. So that when the legislature enacts that "this law shall take effect immediately upon its passage and approval by the Governor" it is the same in constitutional effect as saying: "This law shall take effect immediately upon its passage and approval by the Governor, or immediately upon its becoming a law without the Governor's express approval."

My view is that the statute under discussion become effective by its special terms immediately upon the expiration of the time limited by the constitution for the Governor's veto thereof by the non-action of the Governor. In the ultimate conclusion reached in the case I concur.

COCKRELL, J., concurs in the foregoing opinion by TAYLOR, J.