C. J. THORP *et al., Plaintiffs in Error,* v. E. L. SMITH, SHERIFF, *Defendant in Error.*

1.  Where persons have been convicted and are held under an

information charging an act for which the court had no jurisdiction to try or punish them, they may be discharged on *habeas corpus.*

2. At common law the time when an alleged offense was committed should be stated in the indictment or information, but where the exact time is not material or does not enter into the nature of the offense, the time may be laid on any day previous to the filing of the indictment or information, during the period when there may be a prosecution for the alleged offense and there is no bar of the statute of limitations.

3. Every indictment must on its face charge the commission of a criminal offense, and where time is material, the date alleged must be taken as the true date.

4. Where punishment for an offense depends upon a recent statute, time becomes a material element in stating the offense and the date specifically alleged must be taken as the true date when the alleged act was committed.

5. When an indictment does not allege a punishable crime because of the stated date of the act charged, the date alleged is material and the acts charged cannot be shown to have been committed at another time. In such cases the court has no jurisdiction to try and punish.

6. Where time is a material element in stating an offense, and the time specifically alleged in the charge is a date when there was no law in existence penalizing the act, proof of the alleged offense at another time is not admissible, and the information does not allege an offense. Where an information does not allege a crime the statute of jeofails does not apply.

7. Where the statute making an act punishable takes effect in August and the offense is alleged to have been committed in July previous, the date is material, and the date alleged being prior to the taking effect of the statute, no punishable

*offense is alleged, and the defendant may be discharged in habeas corpus.*

Appealed from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart & Bly,* for Plaintiffs in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for Defendant in Error.

WHITFIELD, C. J.—The plaintiffs in error were convicted upon a charge that on July 22nd, 1911, they violated Section 1 of Chapter 4562, Acts of 1897. On habeas corpus proceedings the convicted persons were remanded to custody and allowed a writ of error.

If the plaintiffs in error have been convicted and are held under an information charging an act for which the court had no jurisdiction to try or punish them, they may be discharged on *habeas corpus.* Ex parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Lewis v. Nelson, 62 Fla. —, 56 South. Rep. 436.

At common law the time when an alleged offense was committed should be stated in the indictment or information, but where the exact time is not material or does not enter into the nature of the offense, the time may be laid on any day previous to the filing of the indictment or information during the period when there may be a prosecution for the alleged offense under the statute of limitations. See Alexander v. State, 40 Fla. 213, 23 South. Rep. 536.

Where time is material it must be proved as alleged.

Every indictment must on its face charge the commission of a criminal offense, and where time is material the date alleged must be taken as the true date.  Where punishment for an offense depends upon a recent statute, time becomes a material element in stating the offense, and the date specifically alleged must be taken as the true date when the alleged act was committed.  See Whatly v. State, 46 Fla. 145, 35 South. Rep. 80.

Where an indictment does not allege a punishable crime because of the stated date of the act charged, the date alleged is material and the acts charged cannot be shown to have been committed at another time.  In such cases the court has no jurisdiction to try and punish, and the indictment should be quashed.  See Anderson v. State, 20 Fla. 381; Rouse v. State, 44 Fla. 148, 32 South. Rep. 784; Coll v. Commonwealth, 94 Va. 799, 26 S. E. Rep. 411; Bolton v. State, 5 Coldw. (Tenn.) 650; 22 Cyc. 319, *et seq.*

There was no valid authority to impose judicial punishment for a violation of Section 1 of Chapter 4562 till Chapter 6222, Acts of 1911, became effective.  See Stinson v. State, decided at the last term of this court.

As it was not otherwise specially provided in the law, Chapter 6222, Acts of 1911, did not take effect under the constitution until sixty days from the final adjournment of the session of the legislature at which it was enacted. The final adjournment of the session of the legislature of 1911 occurred on Friday, June 2nd, 1911.  Chapter 6222, which provides for the punishment imposed on the petitioners, did not take effect till August, 1911.  It is specifically charged in the information that the alleged offense was committed on July 22, 1911.  Time in this case is material; and as the time alleged shows that the offense was not punishable when it is charged to have

been committed, the information does not charge an offense for which punishment may be imposed. Thompson v. State, 56 Fla. 107, 47 South. Rep. 816. *Ex post facto* laws are forbidden by the constitution.

As time was a material element in stating the offense, and the time is specifically alleged, proof of the alleged offense at another time is not admissible, and the information does not allege an offense. Where an information does not allege a crime the statute of jeofail does not apply.

Because of the allegation of the information that the violation of Chapter 4562 occurred July 22, 1911, before Chapter 6222 took effect and made the act punishable, the information does not allege a punishable crime, and the plaintiffs in error are entitled to a discharge from custody on *habeas corpus*.

The judgment is reversed, with directions to discharge the prisoners.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.