WISEMAN v. COMMONWEALTH.

January 12, 1915.

Absent, Keith, P.

1. CRIMINAL LAW—*Intoxicating Liquors—Sale in No-License Territory—Indictment—Sufficiency.*—An indictment which charges. that the defendant, within certain designated no-license territory, "did unlawfully act as agent for the sale and transmission of an order for ardent spirits given to him by G., the said defendant having no license," states no offense under the statute declaring "that no person, firm or corporation shall, in any dry or no-license territory, solicit orders for ardent spirits or act as agent for the sale and transmission of such orders." It does not charge that the order given was solicited, or that the accused, acting as agent, sold ardent spirits.

2. CRIMINAL LAW — *Statutory Offense—Indictment—Sufficiency.*— An indictment upon a statute must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it. If the indictment may be true and still the accused not guilty of the offense described in the statute, the indictment is not sufficient.

Error to a judgment of the Circuit Court of Louisa county.

*Reversed.*

The opinion states the case.

*Hill Carter,* for the plaintiff in error.

*Jno. Garland Pollard, Attorney-General* and *C. B. Garnett, Assistant Attorney-General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned is to the action of the court in overruling the demurrer to the indictment, which is in the following words, omitting formal parts: "that A. B. Wiseman on or about the 12th day of January, 1914, within the last twelve months, in said county aforesaid, in Louisa magisterial district in said county, a no-licensed territory, did unlawfully act as agent for the sale and transmission of an order for ardent spirits given to said A. B. Wiseman by Coleman Gillum, he the said Wiseman having no license."

The prosecution was under section 33 of Chapter 190 of the Acts of Assembly of 1910, approved March 14, 1910, pp. 289, 302-3. That section provides, "That no person, firm or corporation shall in any dry or no license territory solicit orders for ardent spirits or act as agent for the sale and transmission of such orders."

It is insisted by the counsel of the accused that no offense is charged because the indictment fails to aver that the order which the accused is charged with having sold and transmitted was "solicited" by him or any one else, since the statute does not forbid the sale and transmission of unsolicited orders. The attorney-general on the other hand contends that the statute provides for two distinct offenses —one the solicitation of orders for ardent spirits in dry or no-license territory, and the other the acting as agent for the sale of ardent spirits and the transmission of orders for such sales.

The indictment seems to us to be demurrable upon either construction of the statute. If it be construed as the counsel for the accused insists, the indictment contains no averment that the order charged to have been sold and transmitted was "solicited"; if the statute be construed as the attorney-general insists, there is no allegation in the indictment that the accused, acting as agent, sold ardent spirits.

In either view, an essential ingredient of the offense described in the statute is omitted from the indictment.

It is well settled that an indictment upon a statute must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it.    If the indictment may be true and still the accused may not be guilty of the offense described in the statute, the indictment is not sufficient.    *Hampton's Case,* 3 Gratt. (44 Va.) 590; *Young's Case,* 15 Gratt. (56 Va.) 664; *Boyd's Case,* 77 Va. 52.

The court being of opinion that the demurrer to the indictment should have been sustained, the judgment complained of will be reversed, and this court will enter such judgment as the trial court ought to have entered.

*Reversed.*