Richmond.

## BLAIR V. COMMONWEALTH.

### November 15, 1917.

1. INDICTMENT—*When Bad on Demurrer.*—Where every fact charged in an indictment may be true and yet the accused be guilty of no offense, the indictment is bad on demurrer.

2. INDICTMENT—*Conclusions of Law.*—Whether an act is lawful or unlawful is a question of law and not of fact, and it is the province of an indictment to state facts and not conclusions of law.

3. INTOXICATING LIQUORS—*Indictment.*—An indictment found at the January term, 1917, of the Circuit Court of Clarke county, charging that accused, within one year next prior to the finding of the indictment in the said county of Clarke, did unlawfully have in his possession at the same time two quarts of whiskey, is bad on demurrer, in that the prohibition law, under which the indictment was framed, did not go into effect till after November 1, 1916, and prior to that date it was not an offense for a person to have in his possession at one time two quarts of whiskey.

Error to a judgment of the Circuit Court of Clarke county.

*Reversed.*

The opinion states the case.

*A. Moore, Jr., & Son,* for the plaintiff in error.

*Attorney-General John Garland Pollard, Assistant Attorney-General Leslie C. Garnett* and *Leon M. Bazile,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was indicted, tried and convicted in the Circuit Court of Clarke county for violating the provisions of the prohibition law (Acts 1916, p. 215). The evidence is not certified, but it appears that at the January term, 1917, of the court an indictment was found against him, charging that "Henry Blair, within one year next prior to the finding of this indictment in the said county of Clarke, did unlawfully sell, give away, offer, dispense, keep and store for sale and gift ardent spirits and within said time did have in his possession in said county at the same time two quarts of whiskey against the peace and dignity of the Commonwealth of Virginia."

There was a demurrer to the indictment, which the court overruled. The grounds of the demurrer were: First, "that said indictment failed to state the violation of any law of the Commonwealth of Virginia," and second, "that said indictment in the charging part thereof, mingles acts that, if committed, are not violations of the statute with acts that may be such violations." After the demurrer was overruled the Commonwealth was required to elect for which offense it would go to trial, and it "elected to proceed against the defendant on the charge contained in the indictment that the defendant did unlawfully have in his possession at the same time two quarts of whiskey."

The prohibition law, under which the indictment was framed, did not go into effect till after November 1, 1916, and prior to that date it was not an offense for a person to have in his possession at one time two quarts of whiskey. So that every fact charged in the indictment may be true and yet the defendant be not guilty of any offense. Whenever this is true, the indictment is bad on demurrer. *Shiflett's Case*, 114 Va. 876, 77 S. E. 606; *Young's Case*, 15 Gratt. (56 Va.) 664; *Bruce's Case*, 26 W. Va. 153. Whether an act is lawful or unlawful is a question of law and not of fact, and it is the province of an indictment to state facts and not conclusions of law.

"No matter material to render the act imputed to the defendant unlawful can be omitted, and the supposed offense must be described with at least reasonable certainty. If it be defective in these respects, the presentment cannot avail for any legal purpose whatever." *Bishop's Case,* 13 Gratt. (54 Va.) 785.

In the instant case time is of the essence of the offense, and should have been so stated as to charge the unlawful possession after November 1, 1916. *Cool's Case,* 94 Va. 799, 26 S. E. 411; *Shiflett's Case, supra.*

*Reversed.*