Richmond.

## KENNAN V. COMMONWEALTH.

### November 15, 1917.

1. INDICTMENT AND INFORMATION—*Insufficiency of Indictment.*— When the indictment may be true, and yet the defendant is not necessarily guilty of the offense charged, it is insufficient.

2. INTOXICATING LIQUORS—*Prohibition Act—Indictment—Time of Offense.*—At the January term, 1917, of the Circuit Court of Clarke county, an indictment was found against defendant charging that he "did within one year last past preceding the finding of the indictment unlawfully give away ardent spirits." The charge in the indictment that the defendant did unlawfully give away ardent spirits within one year next prior to the finding of the indictment, embraces a period of time anterior to November 1, 1916, after which date the prohibition act by its terms went into effect. Previous to that time it was not necessarily unlawful to give away ardent spirits. Therefore, in such case, time was of the essence of the offense; and it was essential for the indictment to charge that the gift of ardent spirits imputed to the defendant occurred after the act became operative, and not before that time, although within one year prior to the finding of the indictment.

Error to a judgment of the Circuit Court of Clarke county.

*Reversed.*

The opinion states the case.

*A. Moore, Jr., & Son,* for the plaintiff in error.

*Attorney-General Jno. Garland Pollard, Assistant Attorney-General J. D. Hank, Jr., Leslie C. Garnett,* and *Leon M. Bazile,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

At the January term, 1917, of the Circuit Court of Clarke county, the grand jury returned an indictment against the plaintiff in error, James Kennan, which, omitting the formal parts, was as follows: "That James Kennan within one year next prior to the finding of this indictment in the county of Clarke did unlawfully sell, give away, offer, dispense, expose, keep and store for sale, and give ardent spirits, and within said time did have in his possession in said county at the same time two quarts of whiskey against the peace and dignity of the Commonwealth of Virginia."

The prosecution was had under the prohibition act, ch. 145, Acts 1916, p. 215, which became operative after November 1, 1916. The Commonwealth elected to try the accused on the charge that he "did within one year last past preceding the finding of the indictment unlawfully give away ardent spirits." Whereupon the defendant moved the court to quash the indictment, which motion was overruled, and to which action of the court overruling his motion the defendant duly excepted.

On the trial of the case, upon the plea of not guilty, the jury found the defendant guilty and imposed upon him a fine of $50.00 and thirty days' imprisonment in the county jail; and the court having overruled the defendant's motion to set aside the verdict and grant him a new trial on the ground that the verdict was without law to support it (which ruling was likewise made the subject of exception) proceeded to render judgment against defendant in accordance with the verdict.

There are several assignments of error, but the only assignment which demands notice is to the action of the court overruling the defendant's motion to quash the indictment.

It will be observed that the charge in the indictment that the defendant did unlawfully give away ardent spirits within one year next prior to the finding of the indictment, embraces a period of time anterior to November 1, 1916, after which date the prohibition act by its terms went into effect. Previous to that time it was not necessarily unlawful to give away ardent spirits. Therefore, in such case, time was of the essence of the offense; and it was essential for the indictment to charge that the gift of ardent spirits imputed to the defendant occurred after the act became operative, and not before that time, although within one year prior to the finding of the indictment. When the indictment may be true, and yet the defendant is not necessarily guilty of the offense charged, it is insufficient. *Hampton's Case,* 3 Gratt. (44 Va.) 590; *Commonwealth* v. *Young,* 15 Gratt. (56 Va.) 664; *Boyd* v. *Commonwealth,* 77 Va. 52; *Cool* v. *Commonwealth,* 94 Va. 799, 26 S. E. 411; *White* v. *Commonwealth,* 107 Va. 901, 59 S. E. 1101; *Wiseman* v. *Commonwealth,* 117 Va. 906, 83 S. E. 1052; *Blair* v. *Commonwealth, ante* p. 798, 94 S. E. 185, in which an opinion was handed down at the present term. The indictment in the present case is violative of the principle enunciated by the foregoing authorities, and ought to have been quashed.

For these reasons the judgment must be reversed, and this court will enter such judgment as the circuit court ought to have rendered, quashing the indictment and discharging the plaintiff in error from further prosecution thereunder.

*Reversed.*