STATE, *ex rel.* STUART DAILY NEWS, INC., v. J. M. LEE, as COMPTROLLER.

163 So. 135.

Opinion Filed September 17, 1935.

*Smith & Kanner* and *Evans Crary,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, for Respondent.

BUFORD, J.—In this case relator seeks for mandamus to

coerce the State Comptroller to audit an account and draw his warrant to pay for the publication of delinquent tax sale notice published by relator in a properly designated newspaper in Martin County, Florida, on May 2, 9, 16, 23 and 30th of 1931.

The record shows that the delinquent tax list was delivered to the publisher by the Tax Collector on April 2, 1931, with direction that same be published beginning on the 2nd day of May, 1931, and that relator, at great expense, prepared the list for publication and completed the same ready for publication on April 15, 1931.

On the 27th day of April, 1931, Chapter 15041 was filed in the office of the Secretary of State to become a law without the Governor's approval. Section 3 of that Act provided that the Act should take effect upon its passage and approval by the Governor. Not having been approved by the Governor, it did not take effect until 60 days after the adjournment of the Legislature. Thompson v. State, 56 Fla. 107, 47 Sou. 816. Section 2 of the Act contained a proviso as follows:

"Provided this Act shall not apply to counties of this State in which the tax books have closed and delinquent tax lists covering the non-payment of taxes assessed for the year 1930 have been, or are now being, published and distributed."

The Act was designed to extend the time for closing the tax books in the various counties of the State until the 15th day of June, 1931, but as it did not become effective until 60 days after the adjournment of the Legislature, it could not be construed to have in any wise affected the publication of the delinquent tax list in Martin County which was begun by the delivery of the tax roll to the publisher on April 2, 1931.

The action of the Comptroller in declining to audit and pay the bill which is the subject matter of this litigation appears to have been grounded upon the theory that the statute extending the time for payment of taxes in 1931 became effective when it was filed in the office of the Secretary of State without the approval of the Governor and that, therefore, the publisher had notice of the existence of such a law and was bound by it. This premise is not tenable because the publisher was not charged with knowledge of the law until the same became effective, which was more than 60 days after the completion of the publication and distribution of the delinquent tax list.

There is no challenge to the proposition that except for the purported enactment of Chapter 15041 the relator would have clearly been entitled to receive the compensation claimed from the appropriation designated and as we must hold that Chapter 15041 did not become effective until after the publication and distribution of the delinquent tax list had been performed by the relator, it follows that his rights were not affected by that legislative Act and he is entitled to his pay.

Peremptory writ following the mandate of the alternative writ herein is awarded.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.