# Richmond.

## WHITE v. COMMONWEALTH.

January 16, 1908.

1. INTOXICATING LIQUORS—*Sale Without License—Indictment—Place of Sale—Time.*—An indictment for selling liquor without a license is sufficient which follows the language of the statute in charging that the defendant "in said county within the two years last past, did, unlawfully and without a state license so to do, sell spirituous or malt liquors, whiskey, brandy or some mixture thereof, alcoholic bitters, bitters containing alcohol or some mixtures, preparations or liquors which will produce intoxication." *Place* is not of the essence of the offence under such a statute, and need not be more specifically stated than "in said county;" nor is the exact *time*, and the charge of within "two years last past" is sufficient.

2. INTOXICATING LIQUORS—*Sale Without License—Evidence—United States License—Proof of Certificate.*—The fact that a statute permits the existence of a United States revenue license to sell liquor to be proved by the testimony of the internal revenue collector for the district, or any of his deputies who know the fact, does not exclude the proof of the existence of such license by the duly authenticated certificate of such collector. The presumption is that the legislature meant to provide additional modes of proof, and not to exclude any existing lawful proof of the fact. The certificate is the most convenient and certain mode of proof, and its use could not have prejudiced the accused in this case.

3. INTOXICATING LIQUORS—*Sale Without License—United States License—Case at Bar—Instructions.*—A statute provides that the possession of a United States license to sell liquor by retail and no such license from state, shall be evidence of selling by retail without a state license to do so. An indictment under the statute, found March 18, 1907, charged defendant with a sale without license within two years last past. The only evidence offered by the commonwealth was the possession by the defendant of a United States license to sell liquor from July 31, 1906, to June 30, 1907. The court instructed the

jury that if they believed from the evidence that the accused "held a license as a retail malt liquor dealer from the United States government, within two years last past from the 18th of March, 1907, the possession of such license shall be evidence of selling malt liquor by retail."

*Held:* The instruction was erroneous, as, under it, the jury might have found the accused guilty of having committed the offence between March 18, 1905, and July 31, 1906, when there was not a shadow of evidence upon which to base such a conviction. All that is stated in the instruction may be true, and yet the accused not guilty.

4. INTOXICATING LIQUORS—*Sale Without License—United States License—Effect as Evidence.*—If, on an indictment for selling liquor without license, the commonwealth simply proves the possession of a United States license to sell liquor, the probative value of such evidence is to be determined in connection with all the other evidence in the case, and is primarily a question for the jury, with respect to which this court, at present, expresses no opinion.

Error to a judgment of the Circuit Court of Mathews county on an indictment for selling liquor without license.

*Reversed.*

The opinion states the case.

*J. N. Stubbs,* for the plaintiff in error.

*Robert Catlett, Assistant to Attorney General,* for the commonwealth.

KEITH, P., delivered the opinion of the court.

White was indicted under "an act to suppress tippling houses, the illegal and unlawful sale or traffic in ardent spirits, in the county of Mathews, and to provide a penalty therefor." Acts of Assembly, 1901-2, p. 765.

The indictment is in the following words: "The jurors of the commonwealth of Virginia, in and for the body of the county of Mathews, and now attending said court at its March term,

1907, upon their oath present, that J. T. White, in said county and within the two years last past, did unlawfully and without a state license so to do, sell spirituous or malt liquors, whiskey, brandy, wine, ale, beer, or some mixture thereof, alcoholic bitters, bitters containing alcohol, or some mixtures, preparations or liquors which will produce intoxication, against the peace and dignity of the commonwealth."

A demurrer to this indictment was overruled; a plea of not guilty entered, upon which the jury rendered a verdict of guilty, and assessed a fine of $250; and to the judgment upon that verdict a writ of error was awarded by this court.

The first error assigned is to the judgment of the court upon the demurrer.

The indictment follows the statute, and this is sufficient.

In *Commonwealth* v. *Young,* 15 Gratt. 664, it is said: "It is generally proper and safest to describe the offence in the very terms used by the statute for the purpose. But it is sufficient to use in the indictment such terms of description as that, if true, the accused must of necessity be guilty of the offence described in the statute."

The specific objection taken to this indictment is that it does not state the place at which the sale was made, and *Arrington's Case,* 87 Va. 96, 12 S. E. 224, is relied upon; but that is of a class of cases such as *Head's Case,* 11 Gratt. 819, *Boyle's Case,* 14 Gratt. 674, and *Young's Case, supra,* in which the place was of the essence of the offence. In *Head's Case,* for instance, the indictment was for the selling of ardent spirits by retail, without a license, to be drunk where sold. The court held that it was not sufficient to state that the sale was in the county, but the place in the county where the sale was made must be set out, in order that the defendant might make a satisfactory defence. The prosecution took place under section 18, Ch. 38 of the Code of 1849, which provides, that "If any person shall, without paying such tax and obtaining such certificate as is prescribed

by the 14th section, sell, by retail, wine, ardent spirits, or a mixture thereof, to be drunk in or at the store, or other place of sale, he shall, unless he be licensed to keep an ordinary at such store or place, forfeit thirty dollars." The court, in its opinion, says: "The grand jury intended to present an offence against the latter clause of this statute. This offence is local in its nature. Place is of essence, and yet no place is alleged but the whole county. A sale of ardent spirits by an unlicensed dealer, not to be drunk at the place of sale, would fall within the first clause of the section above cited. The identity of the place at which the spirits were to be drunk, with the place at which they were sold, enters into and forms part of the offence under the latter clause of the statute. If this be so, the defendant should be apprised of the place alleged, so that he may be prepared with proof, if any he have, to show that the place of sale and that of drinking are not the same."

*Boyle's Case, supra,* has no particular bearing upon this point, and *Young's Case* appears to be an authority in favor of the judgment here.

The demurrer was properly overruled.

The indictment charges the offence to have been committed within "two years last past," and the accused asked that the commonwealth be required to elect on what day within the two years the offence was committed for which it would prosecute. The refusal of the court to do this is assigned as error.

In support of this assignment, the case of *Hatcher & Shaw v. Commonwealth,* 106 Va. 827, 55 S. E. 677, is relied upon. It was there held, that where, upon the trial of an indictment containing a single count, charging the defendant with the illegal sale of liquor to certain designated parties "at divers times within the last twelve months," evidence has been received tending to show a number of distinct sales covering a period of several months, the commonwealth may be required, before the

prisoner opens his defense, to elect on which of the sales it will proceed.—A very different case from the one under consideration.

The assignment of error is without merit.

During the progress of the trial, the commonwealth introduced the following paper:

"I, M. K. Lowry, collector of internal revenue for the Second District of Virginia, do hereby certify that Record 10, in this office, discloses the fact that the following persons paid special tax as retail liquor dealers and retail malt liquor dealers in the county of Mathews, state of Virginia, on the dates and for the periods hereinafter set forth, and that special tax stamps were issued them as per the numbers given, viz: ............ and J. T. White, New Point, Va., as R. M. L. D. for the period of eleven months ending June 30, 1907, stamp No. 13472.

"Witness my hand and seal of office this, the 6th day of March, 1907.

"(Seal)                    M. K. LOWRY, Collector."

"United States of America, Eastern District of Virginia:

"I, Edmund Waddill, Jr., United States district judge within and for the Eastern District of Virginia, do hereby certify that M. K. Lowry, whose name is attached to a certain certificate purporting to be a record of special tax payers in Mathews county, in the second collection district of Virginia, hereto attached, certified as a copy from record No. 10 in his office, is and was at the time of signing such certificate collector of internal revenue of the United States for the second district of Virginia, which said district comprises among other counties, the county of Mathews, that his said signature thereto is, I believe, his genuine signature, and his acts as such collector are entitled to full faith and credit.

"This certificate is made pursuant to section 906 of the Revised Statutes of the United States.

"EDMUND WADDILL, JR.,
"United States District Judge."

The clerk of the court then certifies under the statute that the Honorable Edmund Waddill, Jr., was the duly qualified district judge of the United States for the Eastern District of Virginia.

By section 5 of the act before cited for the suppression of the sale of ardent spirits in the county of Mathews, it is provided, "That the fact that any person, firm, or corporation, or joint-stock company have a license as a retail liquor dealer from the United States of America, and no such license from the state of Virginia as such dealer, shall be evidence of selling by retail at said place without a state license so to do, and the fact that a person has such United States license may be proved by the evidence of the internal revenue collector for said district, or any of their deputies who know the fact, or by any person who has seen said license."

The contention is that the fact that the United States license had been procured was not in this case proved in the manner provided for by this statute, which is true. It was proved, however, in a lawful manner, and we presume that the legislature, by stating the manner in which it might be proved, did not intend to exclude any lawful proof of the fact, but rather that its purpose was to provide additional modes of proof. The mode adopted in this case was the most certain and convenient, and could not have prejudiced the accused.

The only evidence introduced upon the trial by the commonwealth was this paper, above referred to. The only evidence introduced by the defendant was his own testimony—that he was 75 years of age, was a native of Accomac county, had resided in Mathews county for 53 years, that he had not sold any intoxicating liquors within the past two years, from March 18,

1907, that he had sold sweet cider, that he was the father of nineteen children, and that his youngest child was five years of age.

When the testimony was all in, the court gave to the jury the following instruction: "The court instructs the jury that when spiritous or malt liquors or any mixtures, preparations or liquors which will produce intoxication are parted with, and any pay, compensation, consideration is left, given or conveyed to the person or to another at the place, or if any understanding or agreement therefor is tacitly or expressly agreed on, whether done directly or indirectly, or whether it be nominally for another's benefit or consideration, it shall be deemed a sale within the intent of the law; but the court further instructs the jury, if they believe from the evidence that J. T. White, the accused, held a license as a retail malt liquor dealer from the United States Government, within two years last past from the 18th of March, 1907, the possession of such license shall be evidence of selling malt liquor by retail, but before the jury shall convict the accused they must believe beyond all reasonable doubt from the evidence in this prosecution, that he sold malt liquor within two years last past, from the 18th day of March, 1907."

The giving of this instruction is one of the errors assigned.

The offence here charged is that the plaintiff in error sold intoxicating liquors within two years last past, from the 18th day of March, 1907, in the county of Mathews. It was no offence to have in his possession a United States Government license. The office of the government license was to prove the unlawful sale of ardent spirits. Now, this license only came into operation on the 31st day of July, 1906, whereas the "two years last past," from the date of the indictment would go back to the 18th of March, 1905. There was a period, then, from March, 1905, to the 31st day of July, 1906, within which the offence might have been committed, and under the instruction the jury might have found the accused guilty; and if such had been the case, it would have been without a shadow of testimony,

for there was no independent evidence of the offence. The only evidence is the effect which, by virtue of the statute, is attributed to a license from the government of the United States, and that could not have been *prima facie* evidence except during the eleven months from the 31st of July, 1906, to the 30th of June, 1907. It covered, therefore, only something less than eight months of the two years preceding the 18th of March, 1907.

In giving this instruction, we are of opinion that the circuit court erred.

In *Young's Case, supra,* it is said: "If the indictment may be true, and still the accused may not be guilty of the offence described in the statute, the indictment is insufficient." And the same is true of an instruction.

The court tells the jury here, that the possession of a retail liquor license within two years last past from March 18, 1907, shall be evidence of selling malt liquors by retail, and yet all that is stated in that instruction may be true, and doubtless was true, without there being a scintilla of evidence against the accused, to be deduced from the license or otherwise, between the 18th day of March, 1905, which is the beginning of the "two years last past," from the 18th of March, 1907, as set out in the instruction, and the time when the license went into effect, which was eleven months prior to the 30th of June, 1907, to-wit: on the 31st of July, 1906.

The statute prescribes that the possession of a United States license shall be evidence of selling by retail at the place named in the license; but the probative value of such evidence is to be determined in connection with all the other evidence in the case, and is a question primarily for the determination of the jury, with respect to which we, for the present, express no opinion.

For these reasons, the case must be reversed and remanded for a new trial.

*Reversed.*