# CRIMINAL CASES.

## Wytheville.

### RUNDE v. COMMONWEALTH.

June 11, 1908.

1. INTOXICATING LIQUORS—*Unlawful Sale—How Charged—Time—Person.*
An indictment charging that the defendant did "unlawfully sell and deliver intoxicating liquors," without specifying the precise time when or the person to whom the sale was made is sufficient both under the special act against tippling for Lancaster county, and under the general revenue laws of the State.

2. INTOXICATING LIQUORS—*Unlawful Sale—United States License as Evidence on Indictment Against a Defendant for Unlawfully Selling Intoxicating Liquors.*—A copy from the record in the office of the collector of internal revenue for the United States showing that the defendant had a United States license as a retail liquor dealer may be received in evidence without calling the collector to testify in person.

3. INTOXICATING LIQUORS—*Special Act for Lancaster County—Possession of United States License.*—The special act against tippling in the county of Lancaster declaring that the possession of a license from the United States as a retail liquor dealer, and no such license from this State, shall be evidence of selling by retail without a license to do so, means simply that such possession raises a *prima facie* or disputable presumption that the fact exists unless and until something is offered to show the contrary.

4. INTOXICATING LIQUORS—*Proof of Sales—United States License—Documentary Evidence—Confrontation of Witnesses.*—Statutes making the possession of a United States license to sell intoxicating liquors, and the absence of a State license, *prima facie* evidence of an unlawful sale of such liquors do not contravene the constitutional guarantee to one accused of crime of the right to be confronted with the witnesses against him. Documentary evidence is receivable the same in criminal as in civil cases.

Error to a judgment of the Circuit Court of Lancaster county. Indictment for unlawful sale of intoxicating liquors. Defendant assigns error to a judgment of conviction.

*Affirmed.*

The opinion states the case.

*T. J. Dowing, Wm. B. Sanders* and *J. W. Chinn,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the Commonwealth.

Whittle, J., delivered the opinion of the court.

At the May term, 1907, of the Circuit Court of Lancaster county, the plaintiff in error, H. H. Runde, was prosecuted to conviction under an indictment for unlawfully selling and delivering intoxicating liquors and mixtures thereof in Whitestone magisterial district, in that county.

The demurrer to the indictment, on the grounds that it does not allege the precise time when, or the person to whom, the sale was made, was properly overruled.

The prosecution was had under a special act to suppress tippling houses and the illegal sale or traffic in ardent spirits in the counties of Lancaster, etc., approved April 2, 1902, Acts 1901-'02, p. 601.    The sufficiency of the indictment is sustained by *Fletcher's Case,* 106 Va. 461, 56 S. E. 149, and *White's Case,* 107 Va. 901, 59 S. E. 1101, the former a prosecution under the general revenue laws of the State, and the latter under a special act to suppress tippling, etc., in the county of Mathews.    The same principle was applied in both cases, and it was held, that "an indictment charging that the defendant did 'unlawfully sell and deliver intoxicating liquors,'" is sufficient.

*White's Case* is also authority for the admission in evidence of a copy from the record in the office of the collector of internal

revenue for the second district of Virginia, showing that the accused held a United States license as a retail liquor dealer from July 1, 1906, to June 30, 1907.

The assignments of error on instructions and to the action of the court in overruling the motion for a new trial, rest on the alleged insufficiency of the mere possession by the accused of the internal revenue tax receipt for the sale of liquor to sustain the conviction.

The 5th section of the act of April 2, 1902, declares: "That the fact that any person   *   *   *   have a license as a retail dealer from the United States   *   *   *   , and no such license from the State of Virginia as such dealer shall be evidence of selling by retail at said place without a license so to do * * * "

The sole issue, therefore, submitted by the pleadings in the case was whether the accused unlawfully sold intoxicating liquors; and the statute makes his possession of the United States license evidence of the selling.  That language means that such possession raises an *inconclusive* or *disputable* presumption that the fact exists, unless and until something is offered to show the contrary.  Bouv. L. Dict. (Rawle's Revision) 702.  A different construction would render the enactment practically inoperative.

The governing principle is made explicit by an act approved March 15, 1906, to the effect that the possession of a United States internal revenue tax receipt for the sale of ardent spirits in this State shall be *prima facie* evidence of the sale of liquor. "And whenever the holder of such a receipt shall not be licensed to sell wine, ardent spirits, malt liquor, or any mixture of any of them, under and in accordance with the laws of Virginia, and shall be prosecuted or otherwise proceeded against for the illegal sale   *   *   *   , the burden of showing that he has not violated the law shall be upon him, and in the absence of satisfactory proof that he has not violated the law shall be convicted   *   *   *   " Acts 1906, p. 411.

The purpose of the foregoing enactment is to establish a uniform rule with respect to the effect of such evidence in all

cases of this character, whether the prosecution be under a general or a special act. In giving and refusing instructions, the trial court recognized that principle and correctly expounded the law on the subject; and in the absence of exculpatory evidence a conviction was inevitable. Statutes of like import have been enacted in many States of the Union. For cases construing them, see note to *White's Case,* 13 Va. L. R. 980.

The final contention, that these statutes contravene article I, sec. 8, of the Constitution of Virginia, cannot be maintained. The provision of the bill of rights, guaranteeing the right of the accused in all criminal prosecutions to be confronted with the accusers and witnesses, has never been interpreted to exclude proper documentary evidence.

In discussing the doctrine, Bishop says: "In general.—Documentary evidence is receivable, and in proper cases is required, the same in criminal causes as in civil. It is governed by the same rules."

"Proof of record.—A record may be proved, among other methods, by a certified copy.

"Confronted with witnesses.—The constitutional provision securing to indicted persons the right to be confronted with the witnesses against them, does not abrogate this method of proving facts in their nature documentary." Bishop on Crim. Proc. (3rd ed.), ss. 1132-3-4.

The Code of Virginia contains numerous enactments of similar character, which have uniformly received the sanction of the courts. For example, see sections 2070, 3704, 3174-a, 3715. The principle is also illustrated by the well-settled common law rule of presumption of guilt arising from the unexplained possession of property recently stolen.

A careful investigation of the record fails to disclose reversible error, and the judgment is affirmed.

*Affirmed.*