## Richmond.

### Dix v. Commonwealth.

March 10, 1910.

Absent, Buchanan, J.

1. CRIMINAL LAW—*Sale of Intoxicating Liquors—Indictment—Sufficiency.*—An indictment sufficiently notifies the accused of the charge brought against him when it charges that the defendant "within six months last past, in White Stone Magisterial District, in the county of Lancaster, did unlawfully sell and ·deliver intoxicating liquors and mixtures thereof, against the peace and dignity of the Commonwealth of Virginia."

2. CRIMINAL LAW—*Indictment—Election—Time for Making.*—It was not error in the case at bar to refuse to compel the prosecuting attorney to elect for which offense charged he would elect to prosecute before any evidence was introduced on behalf of the Commonwealth. This is a matter in the discretion of the trial judge, and, in the present case, it was properly exercised by postponing the election till after all the evidence for the Commonwealth had been introduced, but before the accused opened his defense.

3. APPEAL AND ERROR—*Verdict Contrary to Evidence.*—A verdict of conviction in a criminal case cannot be set aside on a writ of error where there is sufficient evidence to support it. The plaintiff in error stands as on a demurrer to the evidence.

4. CRIMINAL LAW—*New Trial—After-Discovered Evidence.*—A verdict will not be set aside for after-discovered evidence where it appears that the evidence was known to the accused during the progress of the trial, and that he did not ask for either delay or process to secure the attendance of the witness whose presence was desired.

Error to a judgment of the Circuit Court of Lancaster county.

*Affirmed.*

The opinion states the case.

*W. B. Sanders* and *T. J. Downing,* for the plaintiff in error.

*Robert Catlett, Assistant to Attorney General,* for the Commonwealth.

Harrison, J., delivered the opinion of the court.

This writ of error is to a judgment against the plaintiff in error for unlawfully selling intoxicating liquors.

We are of opinion that the circuit court did not err in overruling the demurrer to the indictment and the motion to quash the same upon the ground that it fails to give the accused notice of the charge against him. The indictment sets forth "that Frank Dix, within six months last past, in White Stone Magisterial District, in the county of Lancaster, did unlawfully sell and deliver intoxicating liquors and mixtures thereof, against the peace and dignity of the Commonwealth of Virginia." The sufficiency of this indictment has been sustained by repeated decisions of this court. *Fletcher's Case,* 106 Va. 840, 56 S. E. 149; *White's Case,* 107 Va. 901, 59 S. E. 1101; *Runde's Case,* 108 Va. 873, 61 S. E. 792.

We are further of opinion that there was no error in overruling the motion of the defendant, asking that the Commonwealth be required to elect some specific sale before the introduction of any testimony on behalf of the Commonwealth.

This question has been considered and settled by *Hatcher's Case,* 106 Va. 831, 55 S. E. 677. It is there said, citing Bishop's New Crim. Proc., sec. 462: "The better view seems to be that that question should be left to the discretion of the trial judge, to be exercised with reference to the special facts of the case; but as Mr. Bishop says, whatever is done at the earlier stages of the trial, plainly, as a general rule, the election should be required before the prisoner opens his defense."

The record here shows that, at the conclusion of the Commonwealth's evidence, the court, in the exercise of its discretion,

required the prosecuting attorney to specify the offense for which he would ask a conviction. This was done, and it was upon the specific offense then indicated that the conviction was had. In this the court followed the general rule of practice established in *Hatcher's Case,* and the record furnishes no ground for making this case an exception to that rule.

We are further of opinion that there was no error in the court's refusal to set the verdict of the jury aside as contrary to the law and the evidence. The case is before this court as upon a demurrer to the evidence, and under that rule the evidence is ample to sustain the conviction.

We are further of opinion that there was no error in refusing to grant a new trial upon the ground of after-discovered evidence. The record shows that the evidence relied on in support of this motion was known to the accused during the progress of the trial, and that he did not ask for either delay or process to secure the attendance of the witness whose presence was desired. Not until after the verdict was rendered was the materiality of this witness suggested.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*