## Richmond

### SHIFLETT v. COMMONWEALTH (No. 1.)

#### March 20, 1913.

1. INTOXICATING LIQUORS—*Unlawful Sale—Time of Sale—Statement in Indictment.*—While it is not necessary in a prosecution for the unlawful sale of ardent spirits for the indictment to state the precise time of the sale, it is necessary that such facts should be stated in the indictment as will show that the offense charged was committed within the period of limitation fixed by the statute; for no indictment, as a general rule, is good unless, assuming its allegations to be true, it disclose a *prima facie* case for inflicting the punishment provided by law. If the allegations of the indictment may be true and still the accused may not be guilty of the offense charged, the indictment is insufficient.

2. INTOXICATING LIQUORS—*Unlawful Sale—Indictment—Time of Sale.*—An indictment found in December, 1912, which charges that the accused "within twelve months *on last preceding 191* , in the said county did unlawfully sell ardent spirits," sufficiently charges the unlawful sale within two years prior to the indictment. The words in italics are meaningless in the connection in which they are used, but they may be omitted as surplusage, and the words remaining are apt and sufficient to show that the offense was committed within the statutory period.

3. INDICTMENTS—*Second Offense—Added Punishment.*—Where an offense is punishable with a higher penalty because it is a second or subsequent offense of the same kind, such severer punishment cannot be inflicted unless the indictment charges that it is a second or subsequent offense, because, by the rules of criminal pleading, the indictment must always contain an averment of every fact essential to the punishment to be inflicted.

Error to a judgment of the Circuit Court of Greene county.

*Reversed in Part.*

The opinion states the case.

*John S. Chapman,* for the plaintiff in error.

*Samuel W. Williams, Attorney-General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court. .

The first error assigned is that the trial court erred in not sustaining the demurrer to the indictment.

The following is a copy of the indictment: "The jurors of the Commonwealth of Virginia, in and for the body of the county of Greene, and now attending the circuit court of said county at its December term, 1912, upon their oath, present that Marcus Shiflett within twelve months on the last preceding 191  , in the said county, did unlawfully sell ardent spirits without having obtained license to do so, against the peace and dignity of the Commonwealth of Virginia."

The objection made to the indictment is that the averment in it as to the time when the offense was committed is meaningless, and that it does not charge the date of the sale nor such facts as show that the sale was made within two years prior to the indictment, the statutory period for the prosecution of such offenses.

While it is not necessary in a prosecution for the unlawful sale of ardent spirits for the indictment to state the precise time of the sale (Sec. 3999 of the Code; *Savage's Case,* 84 Va. 619, 5 S. E. 565; *Arrington's Case,* 87 Va. 96, 12 S. E. 224; *Runde's Case,* 108 Va. 875, 61 S. E. 792), it is necessary where there is a statute of limitations (as in this case) barring the prosecution after a certain time, that such facts should be stated in the indictment as will show that the offense charged was committed within the statutory period; for no indictment, as a general rule, is good unless assuming its allegations to be true it discloses a *prima facie* case for inflicting the punishment provided by law. If the indictment may be true, as was held in

*Young's Case,* 15 Gratt. (56 Va.) 664, and in *Bruce's Case,*
26 W. Va. 153, 157 (both prosecutions for selling liquor
in violation of law), and still the accused may not be guilty
of the offense, the indictment is insufficient. See also
1 Bishop's Cr. Proc., secs. 403, 405; Whart. Cr. Pl. & Pr.,
secs. 137, 318.

While the words, "on the last preceding 191   ," follow-
ing the words "within twelve months," are meaningless,
they may be treated as surplusage and rejected if the in-
dictment is thereby made sensible (1 Bishop's New Cr.
Pro., sec. 158; *Com.* v. *Randall,* 4 Gray [Mass.] 36, 38) ;
for courts of justice are disposed, as said by the court in
the case last cited, to treat as surplusage all erroneous
and improper averments in complaints and indictments
where the residue of the allegations sets out the offense
charged in technical language and with substantial cer-
tainty and precision. After rejecting the words, "on the
last preceding 191   ," the indictment states that the grand
jury attending the circuit court of Greene county, at its
December term, 1912, "upon their oath, present that Mar-
cus Shiflett within twelve months  *  *  *  in the said
county did unlawfully sell ardent spirits without having
a license to do so." These are apt and sufficient words to
show that the offense charged was committed within the
statutory period. We are of opinion, therefore, that the
demurrer was properly overruled.

The remaining assignment of error is that the court
erred in imposing an additional punishment of six months'
confinement in the county jail, on the ground that the
offense of which the accused was found guilty was a second
offense.

By section 27 of an act approved March 15, 1010,
known as the Byrd Liquor Law, Acts 1910, ch. 190,
p. 289, it is provided, among other things, that a person
son violating the provisions of that act shall be guilty
of a misdemeanor, and unless otherwise provided

therein shall be fined not less than fifty dollars nor more than one hundred dollars, and in addition he may, in the discretion of the court, be imprisoned not more than sixty days and required to give bond, etc., and that for the second and each succeeding offense he shall be fined not less than one hundred dollars, and shall be confined in jail not less than six nor more than twelve months. The verdict of the jury found the accused guilty of the offense charged in the indictment and fixed his fine at one hundred dollars. The court, exercising the discretion given it under the statute, in entering up judgment for the fine, added sixty days' imprisonment in jail in addition to the fine, and also imposed a further punishment of six months in jail upon the accused. This latter punishment of six months in jail was, as the accused insists, clearly without authority. There was no charge in the indictment upon which the accused was prosecuted that the offense charged was a second or subsequent offense.

It is well settled that where an offense is punishable with a higher penalty, because it is a second or subsequent offense of the same kind, such severer punishment cannot be inflicted unless the indictment charges that it is a second or subsequent offense, because by the rules of criminal pleading the indictment must always contain an averment of every fact essential to the punishment to be inflicted. *Welsh's Case*, 2 Va. Cases 57; *Rand's Case*, 9 Gratt. (50 Va.) 738; Wharton's Cr. Pl. & Pr., secs. 934-935; 1 Bishop's Cr. Law (7th ed.), sec. 961; Bishop on Stat. Cr., sec. 240.

It follows from what has been said that the action of the court in imposing the additional punishment of six months in jail upon the accused, and declaring that he should constitute a part of the State convict road force, was erroneous, and to that extent said judgment must be reversed and annulled, and in other respects affirmed.

*Reversed in Part.*