# Richmond.

## DANIEL WEBSTER AND RALPH WEBSTER v. COMMONWEALTH.

### March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. BILL OF PARTICULARS—*Prosecution Limited to Offenses Stated in Bill of Particulars—Abandonment of Other Charges.*—Where the prosecuting attorney on the demand of the defense furnished a bill of particulars, the bill of particulars limited the offenses for which the prosecuting attorney would prosecute to the causes stated therein, and was in effect an abandonment of other offenses alleged in the indictment.

2. INTOXICATING LIQUORS—*Bill of Particulars—Place—Allegation and Proof—Case at Bar.*—In the instant case, in the bill of particulars furnished by the prosecuting attorney, it was alleged that the defendants stored ardent spirits for sale on their premises. The words "on their premises" were descriptive of the place of storage, and while it was unnecessary probably to have stated the place, yet having stated it, it was necessary to prove it.

3. INDICTMENTS AND INFORMATIONS—*Bill of Particulars—Statement of Offense.*—Every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offenses charged against him. Prosecuting attorneys know, or ought to know, in advance, what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted.

4. INDICTMENTS AND INFORMATIONS—*Bill of Particulars—Amendment of Bill of Particulars Before Conclusion of Commonwealth's Testimony.*—It is not error to permit the Commonwealth to amend its bill of particulars after a portion of its evidence has been introduced, where the attorney for the Commonwealth stated that he had had no opportunity to previously interview a witness, and had no knowledge of the matters mentioned in his testimony, and defendants made no motion for a postponement or a continuance, and it was not alleged that accused had suffered any injury or injustice by reason of the amendment.

5. INDICTMENTS AND INFORMATIONS—*Amendments—Liberality in Allow-ance.*—The policy of the law is to allow amendments which tend to the furtherance of justice where they do not seriously prejudice the rights of the accused. Even indictments which do not change the nature of the case may be amended at the bar under sections 4876, 4877, and 4878 of the Code of 1919.

6. BILL OF PARTICULARS—*Proof of Other and Different Facts—Case at Bar.*— After a bill of particulars has been furnished the defendants, under the order of the court, the Commonwealth's attorney cannot travel beyond the facts which it notifies the defendants it expects to prove, and prove other and different facts which are not included in the bill of particulars. Thus, where an indictment for violation of the pro-hibition act contained the "omnibus count," a count charging un-lawful possession of ardent spirits, and a count charging unlawful receipt of ardent spirits, and upon demand of the defendants the Commonwealth furnished a bill of particulars, the bill applied to all the counts and limited the Commonwealth to the offenses stated in the bill.

7. INTOXICATING LIQUORS—*Evidence—Witnesses—Earmark About a Jug.*— In a prosecution for violation of the prohibition act a witness, having testified that a certain jug belonged to the accused, was asked if there was "any earmark about any of those jugs?" He replied that he told the sheriff "that they had a three gallon jug with the handle broke off and a mould mark on it." This was a mere descriptive statement and the fact that he made the statement to the sheriff before he looked at the jug was a mere statement on the part of the witness that there were marks on the jug by which he could identify it, and by which he afterwards did identify it.

    *Held:* That accused could not have been prejudiced by this answer.

8. STATUTES—*Prohibition Act—Enacting Clause—Section 5¼ of Acts 1922, chapter 345, page 573.*—In the instant case sentence was imposed upon accused under section 5¼ of Acts 1922, chapter 345, page 573, and it was objected that section 5¼ was not embraced in the enacting clause of the act. The title of the act is: "An act to amend and re-enact sections 5, 14,  .  .  . of an act  .  .  . approved March 19, 1918,  .  .  . and to add to said act the following new sections  .  .  . 5½, 5¼, 5½,  .  .  ." The enacting clause follows the title down to the new sections to be added by enumerating those sec-tions, omitting section 5¼. The legislative intent, however, to enact section 5¼ as a part of the statute is so plainly manifested by mention-ing it in the title and by embodying it in the statute that it cannot be doubted what was done was intended as an enactment of the sec-tion as a part of the statute.

9. STATUTES—*Enacting Clause—Necessity—Quaere.*—In Virginia there is no constitutional provision requiring statutes to contain an enacting

clause. There is a conflict of authority as to the necessity of enact-
ing clause, but in the instant case it was not necessary to pass on the
question, as the statute in controversy contained an enacting clause,.
and the facts were sufficient to warrant the court in holding that
section 5¼ of Acts 1922, chapter 345, page 573, was sufficiently enacted.

Error to a judgment of the Circuit Court of Rock-
ingham county.

*Affirmed.*

The opinion states the case.

*Richard E. Byrd,* for the plaintiffs in error.

*John R. Saunders, Attorney-General, Leon M. Bazile,
Assistant Attorney-General,* and *Lewis H. Machen, As-
sistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiffs in error were indicted for a violation of
the prohibition law. They were found guilty and sen-
tenced to a fine of $500.00 each and confinement in jail
for a period of five months. In pronouncing judgment
the trial court added that unless the fines and costs were
paid the defendants should be confined for an additional
term not to exceed six months.

The indictment contained three counts. The first
count is what is known as the omnibus count. The sec-
ond count charged that the defendants "did unlawfully
have in their possession ardent spirits" and the third
count charged that they "had unlawfully received ar-
dent spirits." On the day before that set for the trial
the defendants appeared by counsel and demanded a
bill of particulars. In response to this demand the at-
torney for the Commonwealth filed a statement in writ-
ing, as follows: "The Commonwealth expects to prove

in this case that about six weeks ago the defendants hired one Justus Estep to take them to a point along the Kratzer road some four miles north of Harrisonburg in a Ford automobile; that Websters left the car at that point, came back in a short time thereafter, each carrying a guano bag containing liquor; that they came on back the Kratzer road until they reached the Edom road and then took this road to Gromer's woods where the liquor was hidden by the Websters, that said ardent spirits were received and held unlawfully by them, and that said defendants have stored ardent spirits for sale on their farms almost daily within the year prior to the finding of said indictment."

The charges in the second and third counts were in the most general language which gave no time or place except the year and the county.    For instance, count two is as follows:    "The jurors aforesaid upon their oaths aforesaid do further present that Daniel Webster and Ralph Webster, within one year next prior to the finding of this indictment, in the said county of Rockingham, did unlawfully have in their possession ardent spirits against the peace and dignity of the Commonwealth of Virginia."

[1] The Attorney-General insists that the defendants were not entitled to a bill of particulars except as to count 1 of the indictment.    Whether or not counts 2 and 3 are specific enough, it is unnecessary for us to decide as we are of opinion that the bill of particulars furnished by the prosecuting attorney limited the offenses for which he would prosecute to the causes stated in his bill of particulars, and was in effect an abandonment of any prosecution under counts 2 and 3.

Under former statutes it has been held that ordinarily time is not of the essence of the offense and need not be accurately stated; that the name of the purchaser at an

illegal sale need not be stated, and the place when not descriptive need not be more particularly stated than the county in which the offense was committed. *Savage* v. *Commonwealth*, 84 Va. 582, 5 S. E. 563; *Arrington* v. *Commonwealth*, 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242; *Shiflett* v. *Commonwealth*, 114 Va. 876, 77 S. E. 606; *Commonwealth* v. *Dove*, 2 Va. Cas. 26; *State* v. *Ferrell*, 30 W. Va. 683, 5 S. E. 155; *White* v. *Commonwealth*, 107 Va. 901, 59 S. E. 1101; *Runde* v. *Commonwealth*, 108 Va. 873, 61 S. E. 792.

[2] In the bill of particulars furnished by the prosecuting attorney, the allegation that the defendants stored ardent spirits for sale on their premises, the words "on their premises" were descriptive of the place of storage, and while it was unnecessary probably to have stated the place, yet having stated it, it was necessary to prove it. *Mitchell* v. *Commonwealth*, *ante*, page 541, 127 S. E. 368, decided at this term.

[3] We do not undertake to decide what was necessary to be stated in the bill of particulars in all cases further than to say that every one accused of crime is entitled to have stated in plain and unequivocal terms the offense for which he is to be prosecuted. This much will be required even in a civil case. The State has no desire to leave one of its citizens in doubt or uncertainty as to any offense charged against him. Prosecuting attorneys know, or ought to know, in advance what they can prove, and ordinary justice demands that they should give the accused a fair statement of the offense for which he is to be prosecuted.

[4, 5] After the trial began and the Commonwealth had introduced a portion of its evidence, the attorney for the Commonwealth stated to the court that one of the witnesses for the Commonwealth had that day been brought from the State convict road force, and that he

had had no opportunity to interview him until the noon recess of the court, and until then had no knowledge of the matters mentioned in his testimony, as to which ob-·jection was made, and thereupon the court *ex mero motu* permitted the Commonwealth's attorney to so amend his bill of particulars that the same should specify that the Commonwealth would proceed against the defendants on the charge of having "at divers and sundry times, in the town of Harrisonburg, within twelve months next preceding the indictment, unlawfully dispensed ardent spirits." The defendants objected to the amendment, but their objection was overruled and the amendment allowed. The defendants, however, made no motion for a postponement of the trial or a continuance of the case so as to enable them to make preparation to meet the matter set out in the amendment. The allowing of this amendment is made one of the assignments of error.

The policy of the law is to allow amendments which tend to the furtherance of justice where they do not seriously prejudice the rights of the accused. Even indictments which do not change the nature of the case may be amended at the bar under sections 4876, 4877 and 4878 of the Code. The question presented by this assignment of error, however, was decided adversely to the position of the accused in *Jennings* v. *Com'th*, 133 Va. 726, 112 S. E. 602. While some of the facts of that case are different from the facts of the instant case, the principle there announced covers the instant case. It is not alleged by the accused that they suffered any injury or injustice by reason of the amendment of the bill of particulars.

Under the bill of particulars, as thus amended, the Commonwealth was limited in its prosecution against the accused, (1) to proof of the unlawful transporting

from a point along the Kratzer road to Cromer's woods, (2) to proof of unlawful storage for sale on the premises of the accused, and (3) to proof of unlawful dispensing of ardent spirits in the town of Harrisonburg—all three within twelve months before the finding of the indictment.

[6] In the brief of the Attorney-General it is admitted "that after a bill of particulars has been furnished the defendants, under the order of the court, the Commonwealth's attorney cannot travel beyond the facts which it notifies the defendants it expects to prove, and prove other and different facts which are not included in the bill of particulars. A long line of decisions, both English and American, as well as the reason for permitting a motion for a bill of particulars, upholds this statement of the law." But he seeks to avoid the effect of it by saying that the bill of particulars applied only to count 1 of the indictment. We do not take this view of it. To say the least of it, the defendants had the right to believe that the prosecution would be limited to the causes stated in the bill of particulars. Having taken this view, the Attorney-General admits himself out of court as to evidence of any other offense than that stated in the bill of particulars as amended.

The first six assignments of error related to the admission of testimony with reference to sales, possession or dealing in whiskey in the city of Harrisonburg. All of this testimony was admissible under paragraph 3 above mentioned of the bill of particulars. Consequently these assignments of error are not well taken.

[7] The seventh assignment of error is to the action of the court in refusing to instruct the jury to disregard the answer of a witness for the Commonwealth to the following question: "Is there any earmark about any of those jugs?" the witness having testified that a certain

jug belonged to the accused, which question the witness answered as follows: "I told the sheriff what this one jug looked like before I ever seen it at all. I told him that they had a three gallon jug with the handle broke off and a mould mark on it." This was a mere descriptive statement and the fact that he made the statement to the sheriff before he looked at the jug was a mere statement on the part of the witness that there were marks on the jug by which he could identify it, and by which he afterwards did identify it. We do not think that the accused could have been prejudiced in any way by the answer to the question.

[8, 9] The eighth assignment of error is to the action of the trial court in adjudging that the defendants be confined in jail "until said fines and costs be paid, the additional term, however, for nonpayment of fine and costs not to exceed six months for either of said defendants."

This sentence was imposed under section $5\frac{3}{4}$ of Acts 1922, chapter 345, page 573, amending the prohibition law. The objection is that this section is not embraced in the enacting clause of the act. The title of the act is: "An act to amend and re-enact sections 5, 14 * * of an act approved March 19, 1918 * * * and to add to said act the following new sections * * $5\frac{1}{8}$, $5\frac{1}{4}$, $5\frac{1}{2}$ * *." The enacting clause follows the title down to the new sections to be added. These are described as follows: "And the following new sections and subsections to be numbered sections five and one-half, twenty-one and one-quarter," etc., omitting section $5\frac{1}{4}$. No question is raised as to the sufficiency of the title to the act, nor as to the existence of an enacting clause, but the sole objection is that section $5\frac{1}{4}$ is not mentioned in the enacting clause and hence was never enacted. The legislative intent to enact section $5\frac{1}{4}$ as

a part of the statute is so plainly manifested by mentioning it in the title and by embodying it in the statute that we cannot doubt that what was done was intended as an enactment of the section as a part of the statute. We have no constitutional provision requiring statutes to contain an enacting clause, and in many of the States it has been held unnecessary, though upon this subject there is some conflict of authority. 25 R. C. L. section 22, page 776. It is not necessary for us to pass on this question, as the statute in controversy in the instant case contains an enacting clause. But the facts of the case appearing on the face of the act are sufficient to warrant us in holding that section $5\frac{1}{4}$ was sufficiently enacted.

It is finally assigned as error that the trial court refused to set aside the verdict. There is abundant evidence to support the verdict. Indeed, the offense charged in paragraph 3 of the bill of particulars is fully proven by witnesses for the Commonwealth, and none were introduced for the defendant.

We find no error in the judgment of the trial court and it is affirmed.

*Affirmed.*