# Staunton

## M. L. HARRIS v. COMMONWEALTH.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*Will H. Nickels* and *S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error was convicted in the circuit court, upon an indictment charging him with unlawfully having in his possession a still and appliances connected therewith, capable of being used in the manufacture of ardent spirits, and his punishment was fixed at thirty days' confinement in jail and a fine of $50.

It is assigned as error that the court erred in not setting aside the verdict of the jury, for the reason that the record fails to show that the alleged unlawful possession was within one year prior to the finding of the indictment. The following is a copy of the indictment:

"The jurors of the grand jury of the Commonwealth of Virginia, impaneled, charged and sworn in and for the body of the county of Scott at a term of the circuit court of said county, commencing on the 13th day of July, 1931, and now attending court, upon their oath present that 'M. L. Harris within twelve months next prior to the finding of this indictment on the _____ day of _____, in the year one thousand nine hundred and

_____, in the said county of Scott, did unlawfully have in his possession a still and appliances connected with a still and used and capable of being used in the manufacture of ardent spirits against the peace and dignity of the Commonwealth of Virginia.' Upon the evidence of W. J. Meade, J. S. Culbertson and J. W. Cox being duly sworn and sent to the grand jury to give evidence."

The indictment charged the accused with the commission of a misdemeanor. Under the provision of section 4768 of the Code, a prosecution for the offense charged in the indictment "shall be commenced within one year next after there was cause therefor."

In *Shiflett's Case,* 114 Va. 876, 77 S. E. 606, 607, it was held that while, in a prosecution for the unlawful sale of ardent spirits, it is not necessary to allege in the indictment the precise time of the sale, it is necessary, where there is a statute of limitations barring the prosecution after a certain time, that such facts should be stated in the indictment as will show that the offense charged was committed within the statutory period.

The record in the case at bar shows that the indictment was found by the grand jury on the 14th day of July, 1931. While the indictment as drawn is inartificial, the language "on the _____ day of _____ in the year one thousand nine hundred and _____" is meaningless, it does charge that the offense was committed "within twelve months next prior to the finding of this indictment * * *."

In *Shiflett's Case, supra,* a demurrer was interposed to the indictment, which alleged "that Marcus Shiflett within twelve months on the last preceding 191\_\_, in the said county, did unlawfully sell ardent spirits without having obtained license to do so * * *." The demurrer was overruled, and in sustaining the action of the trial court, Judge Buchanan said:

██ "While the words, 'on the last preceding 191\_\_,' following the words 'within twelve months,' are meaning-

less, they may be treated as surplusage and rejected if the indictment is thereby made sensible (1 Bishop's New Cr. Pro., section 158; *Com.* v. *Randall,* 4 Gray [Mass.] 36, 38); for courts of justice are disposed, as said by the court in the case last cited, to treat as surplusage all erroneous and improper averments in complaints and indictments where the residue of the allegations sets out the offense charged in technical language and with substantial certainty and precision. After rejecting the words, 'on the last preceding 191__,' the indictment states that the grand jury attending the Circuit Court of Greene county, at its December term, 1912, 'upon their oath, present that Marcus Shiflett within twelve months * * * in the said county did unlawfully sell ardent spirits without having a license to do so.' These are apt and sufficient words to show that the offense charged was committed within the statutory period. We are of opinion, therefore, that the demurrer was properly overruled."

In our opinion the question in issue falls within the above holding, and the action of the court in refusing to set aside the verdict is without error.

The second assignment of error is that the court erred in refusing to give the following instruction:

"The court tells the jury that if they believe from the evidence in the case that the defendant found the still, cap and worm hidden on his premises and took same to his house with the intention of delivering it to the sheriff of Scott county or had same in his possession innocently and with no intention to violate the law, the jury should find him not guilty."

It is undisputed that a still was found by the officers, stored in a closet in the home of the accused. The explanation the accused made of this was that he, while cutting poles to repair a tobacco barn, found the still in a thicket at the edge of his woodland; that he was afraid that he would get into trouble if the still was discovered in the woodland, and, therefore, he carried it to his home, intending to deliver it to the sheriff on the following day.

Accused further stated that he had never before been charged with a crime; that he had been informed that people were making liquor on his land and that it was his belief that the real culprits had notified the officers that he had removed the still; and that when the officers came to his house he left home and went to a justice of the peace and gave bond for his appearance, as he apprehended that he would be placed in jail, upon the discovery of the still in the closet.

 The rule is well settled that the possession of a still creates a presumption that the possessor is guilty of a violation of the prohibition law and throws upon him the burden of overcoming the presumption. That the *prima facie* case thus made out is rebuttable is equally as well established. The defense set up was that the accused acquired the still for the purpose of delivering it to the proper authorities. That may or may not be true. It was the province of the jury to determine the question and it was error to refuse an instruction which presented the defendant's theory of the case. The error of the court in refusing the instruction was further accentuated by the court in giving this instruction.

"The court instructs the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant, M. L. Harris, had a still in his possession, then they should find him guilty of possession of a still * * * *."

This instruction ignores all defenses. If the account given by the accused be true and if in reality he was in the very act of delivering the still to the sheriff, nevertheless, under the trial court's interpretation of the law, he would be guilty of having the still in his possession.

The rule of reason should be applied to the interpretation of the prohibition law as it should be applied to every other penal law.

The judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*