## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Rickie Dale Allen

March 7, 1975

Case No. M-2416

By JUDGE E. BALLARD BAKER

On January 8, 1975, the defendant appeared on his appeal to a conviction in the District Court on November 12, 1974, on a warrant charging that he, "did operate a motor vehicle on a public highway while overweight, to wit: over tandem axle (18,300)." On motion by the Commonwealth, and over objection, the warrant was amended to add, "in violation of hauling permit limits." It was orally stated that the permit involved was Permit M-7819.

The amendment had the effect of placing the charge under § 46.1-343, of the Code. In the District Court, the Commonwealth's Bill of Particulars had indicated the warrant was under § 46.1-339. Also, in the District Court, a warrant charging the defendant with operating, "in violation of Virginia Hauling Permit M-7819" had been marked "Dismissed at request of Comm. Atty." prior to any plea being entered. This was on October 1, 1974. There was but one incident involved in the two warrants.

Section 19.1-175 and Rule 3A:8, both permit the amendment of a written charge at any time before verdict "provided the amendment does not change the nature or character of the offense charged." (The statute seems to limit the amendment to correction of a defect; the

Rule is not so limited.) Section 19.1-175 is identical with § 4876 of the 1942 Code, and goes back, at least, to 1887.

In *Farewell v. Commonwealth*, 167 Va. 475 at 481 (1937), and in *Webster v. Commonwealth*, 141 Va. 589 at 594 (1925), the Supreme Court points out that the policy of the law is to allow amendments which tend to the furtherance of justice where the rights of an accused are not seriously prejudiced. While an entirely different charge cannot be made by amendment the Court may:

> make such changes as may be deemed technical, and other changes arising out of variance between the allegations and the proof, or which would result in mere delay without substantial benefit to the accused. If the amendment or alteration does not change the nature of the offense charged, there would appear to be no good reason why it may not be made. (167 Va. 481)

I fail to see how the amendment changes the nature of the offense charged. It does change the applicable section, but the offense remains an over-weight offense and the penalties are the same under either. V. C. 46.1-342. The allegation as to the amount of the excess weight, 18,300 pounds, remained the same. If it be argued that the defendant, under the unamended warrant, could introduce the permit to show authorization to have 50,000 pounds on that tandem axle how would that help when the Commonwealth's evidence shows a weight of 68,300 pounds? Had the case been tried on the unamended warrant the same evidence would have come in, and there is nothing in the original warrant that ties the prosecution to Section 46.1-339. This appeal, like all appeals, is tried *de novo* and no Bill of Particulars was requested in this Court. I do not consider the Bill of Particulars filed in the District Court as limiting the Commonwealth on the appeal, subject only to the defendant's being granted a continuance in the event of an amendment such as the one involved causing surprise.

*Miles v. Commonwealth*, 205 Va. 462 (1964), is quite different. Reckless driving and fail-to-yield the right of way are offenses different in nature and in consequences.

After the warrant was amended, defendant entered a plea of double jeopardy. A continuance was offered by the Court, but for convenience of the witnesses and without prejudice to the motions and the plea, evidence was taken on the incident.

The defendant asserts that he was in jeopardy of being convicted in the District Court on the warrant alleging violation of Virginia Hauling Permit M7819, and that the action of the Court, in endorsing on the warrant "Dismissed at request of Comm. Atty." made "a determination as adverse to the Commonwealth as the Court's acceptance of a plea of guilty by the defendant and entry of judgment thereon would have been adverse to the defendant." No authority for this proposition is cited.

*Rosser v. Commonwealth*, 159 Va. 1028 (1933), points out that jeopardy attaches when the defendant is arraigned. Defendant was not arraigned on the permit violation in the District Court. I find no authority that a dismissal such as occurred will support a plea of double jeopardy. In 21 Am. Jur. 2d, *Criminal Law*, § 180, the following appears:

> A nolle prosequi, or a dismissal, before jeopardy attaches, does not operate as an acquittal or prevent further prosecution of the offense.

The plea of double jeopardy is overruled on its merits.

As to the evidence heard on January 8, 1975, on the amended warrant, little will be said here. It was not shown that Rickie Dale Allen knew that the crane was in excess of the permit. But it is clear that knowledge of a violation is not an element of an offense *mala prohibita*. V.C., § 46.1-16; 5 M.J., *Criminal Proc.*, § 6; 21 Am. Jur. 2d, *Criminal Law*, § 89. However, it was clearly shown that the tandem axle weight was 68,300 pounds and the permit allowance was 50,000 pounds.

Under § 46.1-343(d), "it shall be a misdemeanor for any person to violate any of the terms or conditions of such permit." When this case comes up the defendant will be found guilty. A fine of $10.00, and costs will be imposed at that time. Then, pursuant to § 46.1-342, "after reasonable notice" the Court will assess the owner

liquidated damages as provided in § 46.1-342. The defenses asserted by counsel for Richardson-Wayland Electrical Corporation have been considered, even though presented prior to the occasion arising, and I do not believe them to be of substance.

The case against Rickie Dale Allen is being put on the docket for April 11, 1975, at 9:00 o'clock a.m.